Kazan *v.* Wilkes-Barre Railway Corporation, Appellant.

Argued October 2, 1942.

Before Keller, P. J., Cunning-
ham, Baldrige, Rhodes, Hirt and Kenworthey, JJ.

*Frank P. Slattery,* with him *Ben R. Jones, Jr.,* and
*Paul Bedford,* for appellant.

*Thomas M. Lewis,* with him *Max Rosenn,* for appellee.

Opinion by Baldrige, J., December 11, 1942:

The plaintiff in this action of trespass arising out
of a collision between his automobile and the defend-
ant's trolley car recovered a verdict for personal in-
juries and property damage on which a judgment was
entered. In this appeal following a denial of defend-
ant's motion to enter judgment in its favor n.o.v. the
sole question raised is whether the testimony did not
conclusively show that the plaintiff was guilty of con-
tributory negligence.

The plaintiff giving his version of the collision, which
for present purposes we must assume to be true, stated
that at approximately 8 o'clock on the night of March
12, 1939, he was enroute from McKeesport, where he
lived, to Wilkes-Barre and had arrived at the borough
limits of Plymouth. The highway at that point is 30
to 35 feet wide and its center is occupied by the de-
fendant company's track which terminates at the
southern boundary of Plymouth. The weather con-
ditions were bad and the visibility poor. Snow had
been falling earlier and it was followed by rain ac-
companied by a wind. The plaintiff was proceeding
north on the right side of the highway at the rate of

25 miles per hour and as he entered Plymouth he dimmed [deflected] his lights. At that time he noticed a barricade with flare lights 50 feet ahead of him on the same side of the roadway he was traveling. To avoid the obstruction he turned his car toward the left and then observed for the first time, 5 or 8 feet in front of him, an unlighted trolley car standing about 20 feet south of the barricade. The plaintiff was unsuccessful in attempting to stop his automobile and collided with the trolley car.

The appellant argues that the plaintiff was guilty of contributory negligence in that (1) he did not have his car under such control that he could stop it within the distance he could see, and (2) his car was not equipped with lights which cast beams with sufficient intensity to reveal objects upon the highway at a safe distance in advance.

1. Section 1002 of the Act of May 1, 1929, P. L. 905, as amended by the Acts of June 22, 1931, P. L. 751, §2, and July 16, 1935, P. L. 1056, §29, 75 PS §501, reads in part as follows: "(a) ...... no person shall drive any vehicle upon a highway ...... at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

In *Farley v. Ventresco,* 307 Pa. 441, 161 A. 534, the defendant parked his crane on a dark street. One of the questions involved there was whether the plaintiff, temporarily blinded by lights of automobiles coming in the opposite direction, was guilty of contributory negligence because he continued to drive for a few seconds and hit the crane. In the course of the opinion Mr. Justice SIMPSON said that there may be circumstances that will excuse a person for not stopping within the assured clear distance ahead, but that a driver must carefully watch so that he can see as far as reasonably possible any obstacle in his way and stop before colliding with it. If he fails to have his car under such

control that he can stop within the assured clear distance ahead the burden is upon him to show that he had a reasonable excuse for his failure in that respect. (p. 445) "There is no evidence that plaintiff's automobile *could not* be stopped 'within the assured clear distance ahead,' but, at most, that it *was not* so stopped at the time of this accident ...... (p. 446) ...... The case was clearly one for the exercise of reasonable judgment by the trial court and jury, and we cannot say, as a matter of law, that they erred in the conclusion which they reached. Indeed, we think that, under like circumstances, probably very few car drivers would have acted otherwise than as plaintiff did. We have not heretofore had occasion to pass upon this exact question, but it has been before the courts of last resort in a number of our sister states, and they have invariably reached the conclusion now approved by us:" (citing cases).

In *Harkins v. Somerset Bus Co.,* 308 Pa. 109, 162 A. 163, the court, in recognizing that collisions between automobiles parked on the highway and other cars are always attended with circumstances peculiar to the individual accident, said that a fixed rule cannot be laid down which will infallibly determine in every case who is responsible for a rear end collision on a highway at night between a parked vehicle and one that was moving.

True, the Supreme Court in *Hutchinson v. Follmer Trucking Company,* 333 Pa. 424, 427, 5 A. 2d 182, held that the legislative mandate, which states that it is the duty of an operator of a motor vehicle to maintain such control over it as to enable him to bring it to a stop within the range of his headlights, must be obeyed. See, also, *Lauerman et al. v. Strickler,* 141 Pa. Superior Ct. 240, 243, 14 A. 2d 608.

More recent utterances of the Supreme Court throw additional light upon the subject we are considering

and tend to confirm the conclusion that the case was for the jury. In *Nelson et ux. v. Damus Bros. Co., Inc.,* 340 Pa. 49, 16 A. 2d 18, the plaintiff was driving his automobile at night along an 18 foot highway. On the other side of the street was a truck with headlights burning, which affected his vision. As he passed a little beyond that truck an unlighted truck of defendants, with which he collided, first became visible about 25 or 30 feet away. The plaintiff obtained a verdict, and the defendant in its appeal contended that the plaintiff was guilty of contributory negligence. The court in affirming the judgment of the court below said, p. 51: "In not anticipating defendant's negligent parking of the car and controlling his own car [truck] accordingly, plaintiff cannot be said as a matter of law to have been negligent."

In *Evans et al. v. Scott-Powell Dairies, Inc.,* 344 Pa. 595, 26 A. 2d 449, the plaintiff on a dark night attempted to avoid a collision at a street intersection with a dark horse and unlighted milk wagon, when he swerved sharply to the right and struck a telephone pole. When the accident occurred the plaintiff's automobile had passed the point where its lights lit up the intersection. The defendant contended that the plaintiff was guilty of contributory negligence. The Supreme Court held that it was for the jury to say whether the plaintiff, if he had been vigilant, could have seen the horse and wagon approaching the intersection.

The majority of the decisions in our sister states are in accord with our own cases to which we have just referred. In *Merback v. Blanchard,* (Wyo.), 105 P. 2d 272 the plaintiff collided with the rear end of an unlighted parked vehicle. The court, after referring to the well recognized rule that it is the duty of the driver to have his car under such control that he may stop within the range of his headlights, said p. 276: "We think, however, that most of the courts recognize that this is

not a hard and fast rule that must be invariably applied, and refuse to apply it when there is evidence from which the jury may find that there were *disconcerting circumstances* affecting the driver's actions at the time of the collision." (Italics supplied.) A number of authorities are there cited in support of that proposition.

Appellant does not, and cannot, seriously dispute its negligence in view of the jury's finding although it denied that the street car was dark. The plaintiff was not bound to anticipate that the defendant would negligently permit its car to stand unlighted in the middle of a highway. The poor visibility, bad weather conditions, and the appearance of a barricade with the burning flares on the highway ahead of the plaintiff commanded his attention and required immediate action. The unlighted street car probably did not come within the range of the plaintiff's lights until he changed his course of travel. In any event that was a matter for the jury's consideration. "If there be doubt as to the inferences to be drawn from the facts where the degree of care varies with the circumstances, the question of negligence is for the jury." *Todd et al. v. Nesta,* 305 Pa. 280, 287, 157 A. 678. It cannot be said as a matter of law that this is such a clear case that the only inference to be drawn is that plaintiff failed to use the care which the circumstances required.

2. That brings us to the second question, viz., whether the plaintiff was guilty of contributory negligence in not having his car equipped with proper lights.

Article X, §1032, of the Act of May 1, 1929, supra, as amended by the Act of June 29, 1937, P. L. 2329, §16, 75 PS §641, provides: "(a) Whenever a motor vehicle is being operated on a roadway, ...... the driver shall use a distribution of light or composite beam directed high enough and of sufficient intensity

to reveal persons and vehicles at a safe distance in advance of the vehicle ......"

Section VIII of the Act of May 1, 1929, supra, as amended by the Act of July 16, 1935, P. L. 1056, §16, 75 PS §352.1, provides: "(d) All road lighting beams shall be so aimed and of sufficient intensity to reveal a person or vehicle at a distance of at least one hundred (100) feet ahead."

In interpreting section 1032 we said that the language of the statute requires the driver to "...... take into account all the circumstances, such as the speed of his vehicle, atmospheric conditions, etc., so that the beam he is then using shall be sufficient to disclose the presence of persons or other vehicles upon the highway in time to prevent accident." *Commonwealth v. Aurick*, 138 Pa. Superior Ct. 180, 189, 10 A. 2d 22.

The plaintiff testified that his lights had been tested and his car inspected and that both lights and brakes were in good condition, and that on a clear night he could probably see 300 feet ahead of him. The act of assembly invoked provides that the beam shall be of such intensity as to see 100 feet ahead. In these modern days some of our roadways are from two to six lanes wide. The statute does not require that there shall be such a diffusion of the light beam that the whole width of the highway shall be illuminated.

In Ohio they have a similar statute which requires headlights on an automobile to illuminate the roadway 200 feet ahead and that the motorist must operate at such a speed permitting him to stop in the assured distance ahead. In *Shaeffer-Weaver Co. v. Mallonn*, (Ohio), 186 N. E. 514, the court held that the statute requiring illumination of the highway 200 feet ahead means the illumination of the lane the motorist is using and not the entire width of the road.

In *Kedlec v. Al. Johnson Const. Co.*, (Ia.) 252 N. W. 103, the plaintiff collided with an unlighted truck on a

street 24 feet wide. The court there said, p. 107: "A reasonable construction of this statute [substantially similar to ours] would seem to require that, where the evidence shows that the plaintiff's car was equipped with good lights, and he was not exceeding the speed limit, he should not be held guilty of contributory negligence, as a matter of law, in failing to see an object which was undiscernible to a person approaching the same in the exercise of ordinary care." See, also, *Miller v. Advance Transp. Co.,* 126 Fed. 2d 442, 7th C. C. of Ap.; *Kimmel v. Mitchell et al.,* (Ia.) 249 N. W. 151; *Hayden v. Jack Cooper Transport Co.,* (Kan.), 5 P. 2d 837; *Deiling v. Des Moines Ry. Co.,* (Ia.), 251 N. W. 622; *Zeigler v. International Ry. Co.,* 250 N. Y. S. 115.

It is readily conceivable that the relative positions of the trolley car and the automobile prevented, or at least greatly interfered with, the plaintiff's seeing the trolley car, especially as he was warned of danger immediately ahead. The jury may very well have concluded that it was not due to improper lights or want of watchfulness that the plaintiff failed to see timely the trolley car. The court would not have been warranted in holding as a matter of law that the plaintiff was guilty of contributory negligence.

Judgment is affirmed.