Boor *v.* Schreiber et al., Appellants.

Argued April 13, 1943.  Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Nathan M. Katz*, with him *Frank R. Sack* and *Budd
B. Boose*, for appellants.

*Clarence L. Shaver*, with him *Daryle R. Heckman*, of
*Shaver & Heckman*, for appellee.

OPINION BY KENWORTHEY, J., July 16, 1943:

In this negligence case defendants appeal from the
refusal of their motion for judgment n.o.v.  They con-
tend the evidence fails to establish negligence on the
part of the driver of their truck and that it convicts
plaintiff of contributory negligence as a matter of law.
The facts, as stated in the light most favorable to
plaintiff, are briefly as follows:

About eleven o'clock on the night of February 18,
1940, plaintiff's truck was being operated by his em-
ployee (plaintiff was riding beside him) westwardly
along the Lincoln Highway in Somerset County.  Al-

though the highway, at the point of the accident, is a main artery of traffic of considerable width there was much snow on the ground and it was open to traffic only for the width of the snowplow. This travelable width was not much greater than would make it possible for two vehicles to pass each other. As plaintiff's truck reached the crest of a hill, there appeared before him, facing him, the headlights of a car which had been stalled in a snowdrift on its right or the south side. When first observed, it was about 75 or 100 feet away. Plaintiff's truck was traveling about 20 to 25 miles an hour and the driver slowed down to 15 or 20 miles per hour. The blinding effect of the headlights created a screen or curtain beyond which plaintiff and his driver could not see until they passed beyond it. When they did so, they were confronted by defendants' truck 15 or 20 feet in front of them standing without lights and directly in their path. Defendants' truck was facing east on its left or the north side of the travelable portion of the highway. Plaintiff's driver was unable to stop in time to avoid colliding with it.

The absence of lights on defendants' truck imposed a duty on the driver and helper in charge of it to give plaintiff, approaching in plain view, reasonable warning of the danger. True, there was no affirmative evidence of the length of time defendants' truck had been standing without lights. But it had been stalled for a sufficient length of time to enable the helper to go back a distance of 150 feet for the purpose of warning any vehicle coming from the west, and it would have required but a moment for the driver to step forward into the orbit of the lights of the parked car and signal a warning. The jury's conclusion that the failure to do so amounted to carelessness cannot be said to have been unreasonable. See *Virgilio v. Walker*, 254 Pa. 241, 244, 98 A. 815.

On the question of contributory negligence, we are

referred to Section 1002 of the Vehicle Code, May 1, 1929, P. L. 905, as amended, 75 PS §501, which prohibits a person from driving a vehicle at a speed that will not permit him to bring it to a stop within the assured clear distance ahead and the cases which have construed it. It is now settled by *Farley v. Ventresco,* 307 Pa. 441, 161 A. 534, that a driver is not bound to stop merely because he is 'blinded' by the headlights of another vehicle. Plaintiff testified he and the driver would have seen defendants' truck if they had not been thus blinded. We do not understand him to have meant that, as they proceeded, they were unable to see anything. Obviously, the driver was able to see enough to be able to maneuver the truck past the stalled car. What plaintiff meant was that they were unable to see anything beyond the screen or curtain caused by the glaring headlights. We are not prepared to say, as a matter of law, plaintiff should have anticipated defendants' 'blacked-out' truck lurking behind the 'curtain.' If defendants' lights had been lit, plaintiff and his driver, as they approached, would have seen four instead of two headlights and the accident would not have happened. See *Kazan v. Wilkes-Barre Ry. Corp.,* 151 Pa. Superior Ct. 38, 29 A. (2d) 221, (affirmed by the Supreme Court May 10, 1943).

Judgment is affirmed.