## Commonwealth, Appellant, *v.* Cole.

Argued March 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Kenneth W. Rice,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY MR. JUSTICE PATTERSON, October 2, 1944:

On February 23, 1943, the Secretary of Revenue, after hearing, suspended the operating privileges of

Francis Cole, appellee, for a period of three months for the reason that he was operating a motor vehicle involved in a fatal accident.[1] Appeal was taken to the court below as provided by statute.[2] After hearing, the court below concluded that the evidence failed to establish recklessness or negligence on the part of appellee and that "for want of competent and satisfactory evidence [appellee's] operator's license should not be suspended" and directed reinstatement of the same. The Commonwealth took this appeal.

On August 19, 1942, about 7:30 P. M., Francis Cole, appellee, was proceeding in a westerly direction upon a state road sixteen feet wide in Conneaut Township. Earl Penfield, who died as a result of the accident, was proceeding in a northerly direction upon a township road fourteen feet wide. These roads form a right angle intersection at a point designated as "Conneaut Center".

---

[1] Act of 1929, P. L. 905, art. VI, Section 615, as amended by the Act of 1939, P. L. 1135, Section 9, 75 P.S. 192(b) : "The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, whenever the secretary finds upon sufficient evidence—(4) That such person was operating any motor vehicle involved in an accident resulting fatally to any person."

[2] Act of 1929, P. L. 905, as amended by the Act of 1939, P. L. 1135, 75 P.S. 193 : "Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides ; and such court is hereby vested with jurisdiction, and it shall be its duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension or operator's license or learner's permit, or whether he may be deprived of the privilege of applying for an operator's license or learner's permit by the secretary under the provisions of this act."

The intersection is not protected by traffic signs of any kind. Immediately south of the intersection, on the township road, is a dip of approximately fourteen feet. Two hundred fifty feet east of the township road and facing the state road is a house. Both the dip in the road and the house obstruct the view of users of both roads. The evidence does not definitely establish the distance from the intersection at which the view is unobstructed. When appellee passed the house 250 feet from the intersection he was traveling between 40 and 45 miles per hour. After having passed the said house he removed his foot from the accelerator for the purpose of decreasing his speed, and looked for traffic on the intersecting road, but saw none. The collision occurred in the center of the intersection. Appellee's automobile skidded and proceeded approximately 35 to 40 feet beyond the point of impact, where it rolled over on its side. The Penfield car stopped approximately 150 feet northwest of the Cole car, in a field. The only eye-witness to the happening of the collision is appellee, who testified that "I believe he hit mine [his car]."

This Court has consistently interpreted the Act of 1929, P. L. 905, as amended by the Act of 1939, P. L. 1135, 75 P. S. 193, as vesting in the court of common pleas power to hear appeals de novo and determine from the evidence adduced before it whether the operating privileges should be suspended: *Schwartz Automobile License Case,* 348 Pa. 267, 268; *Hardwick Automobile License Case,* 348 Pa. 266, 267; *Handwerk Automobile License Case,* 348 Pa. 263, 265; *Oesterling Appeal,* 347 Pa. 241, 243; *Commonwealth v. Cronin,* 336 Pa. 469, 473; *Commonwealth v. Funk,* 323 Pa. 390, 399. All of these cases hold that an appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but to hear evidence and determine, in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should

be suspended: *Hardwick Automobile License Case,* supra, 267.

In *Hardwick Automobile License Case,* supra, the appellee-driver admittedly was traveling at a speed in excess of the statutory limit. The court below concluded that "the case does not appear so grave as to warrant a double penalty", and directed that his license should be reinstated. We said (p. 267): "There is nothing in the record requiring this Court to hold that there has been a manifest abuse of discretion by the court below." In *Schwartz Automobile License Case,* supra, appellee admitted that he was driving between 50 and 55 miles per hour. The court below concluded that "at most, he was guilty of a technical violation" and directed the reinstatement of his operating privileges. We there held (p. 268): "There is no manifest abuse of discretion on the part of the trial court." The present case is squarely in point with these two cases; the petition admits that appellee "was involved in an automobile accident . . . wherein as a result of said accident Earl Penfield was fatally injured."

The lower court properly held that the evidence and circumstances of the present case do not establish that the fatality resulted from the negligence of appellee. Nor can it be said that where one of the drivers in a two-car collision is fatally injured, the surviving driver of one of the cars must necessarily have his license suspended by the secretary, regardless of whose negligence caused the accident. The court below has not abused the broad discretionary power vested in it by the legislature in concluding that the operating privileges of Francis Cole, appellee, should not be suspended.

The order of the court below is affirmed. Costs to be paid by the Commonwealth.