# Buohl *v.* Lockport Brewing Company, Appellant.

Argued April 13, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

378

*Mark E. Garber,* for appellant.

*Frederick J. Templeton,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 22, 1944:

This is an action in trespass by Chauncey R. Buohl, appellee, and Matilda Buohl, his wife, against Lockport Brewing Company, appellant, to recover damages resulting when appellee, temporarily blinded by the headlights of an oncoming vehicle, drove into the rear of appellant's unlighted tractor-trailer which was standing on the highway. A jury returned a verdict in favor of Chauncey Buohl, appellee, in the amount of $5,660 and in favor of Matilda Buohl in the sum of $2,548.35. This appeal is from the refusal of the court below to enter judgment non obstante veredicto against the husband appellee. The verdict in favor of the wife has been paid.

Viewing the evidence most favorably to appellee and giving him the benefit of all inferences properly to be deduced therefrom and rejecting all oral evidence to the contrary (*Ashworth v. Hannum,* 347 Pa. 393, 395), the following facts were proved: On May 30, 1942, about 11:00 P. M., a tractor-trailer, owned by appellant and operated by its employee, was standing, unlighted, facing in a northerly direction, on State Highway Route 15, a twenty-foot wide concrete highway, south of Sheppardstown. The highway at this point is on an up-grade, varying from 3 to 9 degrees. The hill is approximately 1300 feet in length. The highway is straight for a distance of more than a quarter of a mile. The trailer was standing 750 feet from the top of the hill. As Mr. Buohl approached the grade, travelling between 35 and 40 miles per hour, he observed a car coming over the crest

of the hill. As the two vehicles came closer Buohl's vision was impaired so that he could not see beyond the screen of the approaching headlights. He was blinded for a few seconds by the glare of the headlights of the on-coming car and upon regaining his vision he saw for the first time the unlighted tractor-trailer in his traffic lane approximately 20 to 25 feet ahead. Despite his effort to prevent colliding with said trailer, by veering his car sharply to the left, the right front corner of his car came in contact with the left rear of appellant's trailer.

Appellant's request for binding instructions, for the reason that appellee was guilty of contributory negligence as a matter of law, was refused, and its subsequent motion for judgment non obstante veredicto overruled. Appellant does not contest the propriety of the judgment in favor of Matilda Buohl.

The operator of a motor vehicle is not bound to foresee that another will permit his vehicle to stand on the highway at night without lights: *Nelson v. Damus Bros. Co., Inc.*, 340 Pa. 49, 51. We have consistently held that a fixed rule cannot be laid down which will determine in every instance the person legally responsible for a rear-end collision on a highway at night between a parked vehicle and one that is moving: *Nelson v. Damus Bros. Co., Inc.*, supra: *Harkins v. Somerset Bus Co.*, 308 Pa. 109; *Farley v. Ventresco*, 307 Pa. 441; *Kazan v. Wilkes-Barre Railway Corp.*, 347 Pa. 232, affirming, per curiam, 151 Pa. Superior Ct. 38. Temporary blinding caused by bright lights of an on-coming or parked vehicle has been recognized as a legally sufficient excuse for failing to stop within the assured clear distance ahead: *Kazan v. Wilkes-Barre Railway Corp.*, supra; *Nelson v. Damus Bros. Co., Inc.*, supra; *Farley v. Ventresco*, supra; *Boor v. Schreiber*, 152 Pa. Superior Ct. 458, 461. Under the decisions of this Court the trial judge properly submitted to the jury the question of appellee's contributory negligence.

Judgment affirmed.