## Porfilio et ux. *v.* Aaron, Appellant.

Argued April 10, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Herbert A. Mook,* for appellant.

*Stuart A. Culbertson,* for appellees.

OPINION BY ARNOLD, J., July 19, 1945:

This trespass action was brought by husband and wife to recover for personal injuries to the wife; for hospital and doctor bills; and for property damage to the husband's automobile. The court below refused defendant's point for binding instructions. Separate verdicts were rendered for the plaintiffs. Defendant's motion for judgment notwithstanding the verdict was refused; the court directed judgments on the verdicts; and defendant appeals.

As established by the verdict, defendant in the nighttime stopped his automobile upon a highway, Route 322. The weather was foggy, the roadway slippery and the defendant's lights were not burning.

Ellen Porfilio was driving her husband's automobile. She observed *dim* lights of an automobile travelling toward her and slowed down to about fifteen miles per hour. She then became "blinded" by *bright* lights of the oncoming car. She recovered her full vision when that automobile passed her, but was then confronted by the defendant's automobile, without lights, when she was only eight or ten feet distant therefrom. She tried to stop, but the collision ensued.

The sole question raised is whether the wife-plaintiff was guilty of contributory negligence as a matter of law. We will dispose of this question, although it should be pointed out that verdicts were rendered in favor of the husband-plaintiff for certain items. The husband was not an occupant of the automobile, nor was she his servant, agent or employe, and the court could not have directed verdicts for the defendant merely because of the alleged contributory negligence of the wife-plaintiff.

The learned court below correctly held that the alleged contributory negligence of the wife-plaintiff was for the jury, and submitted that question in a careful charge which leaves no room for any criticism and, indeed, this is conceded by appellant.

As pointed out by the court below, this case is ruled by the decisions of our appellate courts.

This court held in *Boor v. Schreiber et al.*, 152 Pa. Superior Ct. 458, 461, 33 A. 2d 648: "It is now settled by *Farley v. Ventresco*, 307 Pa. 441, 161 A. 534, that a driver is not bound to stop merely because he is 'blinded' by the headlights of another vehicle. Plaintiff testified he and the driver would have seen defendants' truck if they had not been thus blinded. We do not understand him to have meant that, as they proceeded, they were unable to see anything. . . . What plaintiff meant was that they were unable to see anything beyond the screen or curtain caused by the glaring headlights. We are not prepared to say, as a matter of law, plaintiff should have anticipated defendants' 'blacked-out' truck lurking behind the 'curtain' . . ."

See also *Buohl v. Lockport Brewing Company*, 349 Pa. 377, 37 A. 2d 524.

The assignments of error are overruled and the judgment is affirmed.