Vierling, Appellant, *v.* Fry et al.

Submitted March 25, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*A. A. Geary* and *W. P. Geary,* for appellant.

*Theo. L. Wilson* and *M. H. Davis,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, April 16, 1946:

In this accident case the jury returned a verdict for defendant but plaintiff complains that the court gave them improper instructions on the subject of contributory negligence.

Driving his automobile at night on an 18-foot concrete highway, plaintiff ran into the rear of defendant's truck which, heavily laden with coal, was traveling ahead in the same direction. He testified that he was blinded by the bright headlights of a car approaching from the opposite direction, that he went approximately 150 feet with his vision thus obscured, and that immediately after this car had passed he saw the truck only about 30 feet ahead of him; he claims that it was being operated without rear lights or illumination of any kind; he tried to pass it to his left but was unable to do so and crashed into it with force sufficient to cause considerable damage to his own car. He testified that he was traveling "slightly above 40 miles an hour" when he became blinded, that he "slowed up somewhat", but, when the blindness ceased and he saw the truck, he was going "ap-

proximately 40 miles an hour". The trial judge charged the jury that "If the failure of the plaintiff, blinded by the lights of another car, to stop, if he had time to stop, contributed to his injury, then he could not recover. If the plaintiff was operating his car while under the physical disability of blindness, and did not stop, if he could have stopped in time to have avoided the collision, then he cannot recover. If, however, he, the plaintiff, was blinded by the lights of another car and before he could stop and fully recover his vision, struck an unlighted truck, . . . then he is entitled to recover. . . . However, if this plaintiff was blinded by the lights of another car and at, or within such immediate time thereafter he was unable to stop before striking the truck and the truck was not lighted, . . . then he would be entitled to recover; otherwise, he would not be entitled to recover."

Plaintiff construes these instructions to mean that the plaintiff was required to stop his car as soon as he became blinded by the headlights of the oncoming vehicle, and if, by his failure to do so, he was unable to avoid the collision, he was guilty of contributory negligence. It is true that the portions above quoted are not entirely clear and unambiguous, but, if the court had intended the meaning which plaintiff now ascribes to them, it would presumably have granted a nonsuit or given binding instructions for defendant, for plaintiff admittedly made no attempt to stop at that time or indeed at any time. The charge must rather be understood to mean, not that plaintiff had to stop immediately when his vision became obscured, but that, if he was able to stop at all, and failed to do so, he was guilty of contributory negligence. The law in regard to the subject is entirely clear, for it has been held in a veritable multitude of cases * that the failure of a driver to stop within

---

* *Farley v. Ventresco*, 307 Pa. 441, 161 A. 534; *Nelson v. Damus Bros. Co., Inc.*, 340 Pa. 49, 16 A. 2d 18; *Buohl v. Lockport Brewing Co.*, 349 Pa. 377, 37 A. 2d 524; *Kuntz v. Waldameer Co. (No. 1)*, 68 Pa. Superior Ct. 73; *Cupples, Jr., v. Yearick*, 99 Pa. Superior Ct.

the assured clear distance ahead may be excused if due to a temporary blindness caused by the bright lights of another vehicle. That plaintiff's counsel did not consider the charge to be contrary to this established principle is indicated by the fact that he did not note any exception to it, special or general, and this in spite of the fact that both counsel were asked by the court whether they had "any further requests or corrections". This failure in itself precludes our consideration of the assignment of error based upon the error now complained of, for, had the trial judge's attention been called to the ambiguity of his instructions, timely amendment or clarification might have been obtained: *Foley v. Philadelphia Rapid Transit Co.*, 240 Pa. 169, 87 A. 289; *Roberts v. Philadelphia Rapid Transit Co.*, 253 Pa. 126, 97 A. 1028; *Ward v. Babbitt, Inc.*, 270 Pa. 370, 113 A. 558.

There is another and more important reason why the order of the court below refusing a new trial must be affirmed. While, as above stated, the law does not require the driver of a motor vehicle to stop upon being temporarily blinded by the lights of another car, it certainly does require him, if proceeding at more than a moderate rate of speed, to slow down and proceed with caution. Here plaintiff admits that he reduced his speed merely from "slightly above 40 miles an hour" to "approximately 40 miles an hour". To have kept on at that rate during the entire time that he was unable to see, and to have emerged from the zone of blindness at that same speed without knowing what might be immediately ahead of him, undoubtedly convicts him of contributory negligence and the court might have so held as a matter of law; in none of the cases in which the jury were allowed to determine the question was the failure

269; *Kelly v. Irvin*, 106 Pa. Superior Ct. 329, 163 A. 344; *Hirth v. Marano*, 112 Pa. Superior Ct. 187, 170 A. 438; *Boor v. Schreiber*, 152 Pa. Superior Ct. 458, 33 A. 2d 648; *Porfilio v. Aaron*, 157 Pa. Superior Ct. 513, 43 A. 2d 370.

to slow down as flagrant as in the present instance. It might also be asked why plaintiff failed to see defendant's truck before the blinding occurred, inasmuch as he testified that the beams from his own headlights revealed persons or vehicles at least 1000 feet ahead of him and he was within less than 180 feet of the truck before any interference with his vision occurred.

Judgment affirmed.