**HOFFMAN et al. v. LIPPNER.**

No. 5178.

District Court, E. D. Pennsylvania.

Sept. 4, 1946.

Robert M. Bernstein, of Philadelphia, Pa., for plaintiffs.

Raymond A. White, Jr., of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is an action brought by William M. Hoffman and his wife, Melba L. Hoffman, to recover damages (1) for personal injuries sustained by them, (2) for the loss of companionship and services of his wife, and (3) for medical expenses incurred and wages lost by the husband as a result of the alleged negligence of defendant. This court has jurisdiction by virtue of the diversity of the citizenship of the parties. Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

A trial was had before a jury, which returned verdicts in favor of the complainants, awarding Mrs. Hoffman Thirty Thousand Dollars ($30,000) and Mr. Hoffman Eight Thousand Five Hundred Dollars ($8,500). Judgments were entered upon the verdicts. The defendant filed a motion to have the verdict for William M. Hoffman and the judgment entered thereon set aside and to have judgment entered for the defendant in accordance with its motion for a directed verdict. The defendant also filed a motion for a new trial alleging that the verdicts were excessive, and in the instance of William M. Hoffman was against the weight of the evidence and the charge of the court.

This court, in passing upon a motion to set aside the verdict in favor of one party and to enter judgment for the other party, must view the evidence, including all reasonable inferences to be drawn therefrom, in the light most favorable to the party in whose favor the verdict has been returned and reject all conflicting oral testimony to the contrary. Cranston v. Baltimore and Ohio R. Co., 3 Cir., 109 F.2d 630; Farley v. Ventresco, 307 Pa. 441, 161 A. 534; Ashworth v. Hannum, 347 Pa. 393, 32 A.2d 407.

Viewing the evidence produced at the trial in the above manner, it appears that the following facts were shown to have existed: In the City of Chester, Pennsylvania, Ninth Street (State Highway No. 13), an asphalt paved highway, about thirty-five feet wide, runs east and west. Tilghman Street and Central Avenue, which are parallel to each other and three hundred feet apart, run north and south, are approximately the same width as Ninth Street, and intersect Ninth Street at right angles. At night these intersections are lighted by overhead arc lamps. There are no lights on Ninth Street between Tilghman Street and Central Avenue. Traffic at the intersection of Ninth Street and Central Avenue is controlled by a traffic light.

At about three o'clock in the morning of June 15, 1944, it was drizzling and foggy. Visibility was poor—one could see unlighted objects only fifty or sixty feet away. Under these conditions, William L. Hoffman was driving his 1939 Hudson automobile eastwardly on Ninth Street. Mrs. Melba L. Hoffman, with her child on her lap, was sitting in the front seat along side her husband. At Central Avenue, the Hoffman car stopped because the traffic light was red for motor vehicles traveling on Ninth Street. When the light changed to green the Hoffman car proceeded on Ninth Street and after it had just crossed Central Avenue at a speed of about eighteen miles an hour, the operator of a motor vehicle at about the distance of Tilghman Street moving westwardly on Ninth Street turned on his bright lights. Hoffman decreased his speed slightly, pressed the foot button on his car to indicate to the on-coming motor vehicle that its bright lights were burning. However, the motor vehicle did not depress or dim its bright lights, the rays of which, aided by the fine drizzle, in addition to limiting Hoffman's vision to ten or fifteen feet, momentarily partially blinded him. At the same time, an automobile behind the Hoffman car signaled its intention to pass him. Just as the vehicle with the bright lights passed him, Hoffman, in veering slightly to his right to permit the vehicle behind to pass him, noticed a large dark object about ten to twelve feet ahead of him. Before Hoffman was able to stop, the right side of his car struck the left rear corner of the dark object. As a result of the collision, the Hoffmans, especially Mrs. Hoffman, were seriously injured. The large dark object was defendant's unlighted truck which had been parked in the dark section of Ninth

Street approximately one hundred to one hundred and fifty feet from Central Avenue.

■ There can be no question that the defendant, having violated Section 801 of the Pennsylvania Vehicle Code[1] by parking its truck at night, without its lights burning and its reflectors in such condition that they would not reflect light, on a State Highway, was guilty of negligence. Nor was the complainant-driver contributorily negligent as a matter of law because he failed to foresee or anticipate that the defendant would permit its vehicle to be parked without lights at night on the highway. Simrell v. Eschenbach, 303 Pa. 156, 154 A. 369; Cormican v. Menke, 306 Pa. 156, 159 A. 36; Nelson v. Damus Bros. Co., Inc., 340 Pa. 49, 16 A.2d 18; Meads v. Rutter, 122 Pa.Super. 64, 184 A. 560.

The reason for defendant's motion to set aside the verdict is that William M. Hoffman's testimony showed that in driving his car for at least one half a city block without being able to see more than ten to fifteen feet ahead, when he knew at the speed he was driving he could not stop within thirty feet, contributed so clearly to the accident, that he was guilty of contributory negligence as a matter of law. The legal basis for this reason is Section 1002(a) of the Pennsylvania Vehicle Code[2] which provided in part: "* * * no person shall drive any vehicle upon a highway * * * at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

■ In spite of the fact that the complainant-driver was driving at a moderate speed (i. e. less than eighteen miles an hour), and that he testified that at the rate of speed he was traveling, the shortest distance within which he could stop was thirty feet was only a guess or approximation, the appellate courts of Pennsylvania have held on numerous occasions that a driver of a motor vehicle is not bound to stop merely because he is temporarily blinded by the headlights of another vehicle, and that under such circumstances the failure of the driver to bring his vehicle to a stop "within

the assured clear distance ahead" may be excused. Farley v. Ventresco, supra; Nelson v. Damus Bros. Co., Inc., supra; Buohl v. Lockport Brewing Co., 349 Pa. 377, 37 A. 2d 524; Vierling v. Fry, 354 Pa. 66, 46 A.2d 473; Boor v. Schreiber, 152 Pa.Super. 458, 33 A.2d 648; Porfilio v. Aaron, 157 Pa. Super. 513, 43 A.2d 370. In view of these decisions, this court cannot say that the complainant-driver was contributorily negligent as a matter of law, and so the question was properly left for the jury.

■ As to the excessiveness of the verdict awarded Mrs. Melba L. Hoffman, all we need say is that the injury she sustained and the pain and suffering resulting therefrom clearly supported the amount of the verdict. We are also of the opinion that the verdict of Eight Thousand Five Hundred Dollars ($8,500) awarded to William M. Hoffman was not excessive. As a result of the accident, his finger and both knees were cut. Although after a short time he was able to return to work, his injured left knee required treatment and attention. It continued to trouble him and in the latter part of 1945 became worse. He developed water on the knee and required surgical treatment, and an operation on it caused him to be confined to Chester Hospital for eleven days and to lose four months of work. His earnings averaged One Hundred Dollars ($100) a week. At the trial there was medical testimony to the effect that he will be able to use his knee in the future, but he will not be able to put undue strain upon it. The actual monetary losses sustained by him as a result of the accident are as follows: Hospital bills, One Thousand Thirty Nine Dollars ($1,039); doctors' bills, Eight Hundred Fifteen Dollars ($815); and salary loss of approximately One Thousand Eight Hundred Dollars ($1,800); or a total of Three Thousand Six Hundred Fifty Four Dollars ($3,654). This leaves a balance of Four Thousand Eight Hundred Forty Six Dollars ($4,846) which the jury awarded to him for a permanently injured left knee, for his own pain and suffering, and for the loss of the companionship and services of his wife.

---

[1] Act of May 1, 1929, P.L. 905, Art. VIII, Sec. 801, as amended, 75 P.S. § 351.

[2] Act of May 1, 1929, P.L. 905, Art. X, Sec. 1002, as amended, 75 P.S. § 501.

Under the circumstances we cannot say the amount of Four Thousand Eight Hundred Forty Six Dollars ($4,846) is so high as to shock the conscience of this court. Therefore, in the absence of any showing that the jury was biased or acted capriciously or unreasonably, we will not interfere with the jury's verdict. Lopoczyk v. Chester A. Poling, Inc., D.C.S.D.N.Y., 60 F.Supp. 839.

The contention that the verdict was against the weight of the evidence and the charge of the court is without merit.

Accordingly, the motion to set aside the verdict for William M. Hoffman and judgment entered thereon and to enter judgment for the defendant and the motion for a new trial are denied.