## Wolfe *v.* Beardsley, Appellant.

Argued April 15, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William M. Rosenfield,* for appellant.

*J. Roy Lilley,* with him *William G. Schrier* and *Lilley & Wilson,* for appellee.

OPINION BY MR. JUSTICE LINN, May 26, 1947:

Defendant appeals from the refusal of her motion for judgment n. o. v. She had left her car parked in

front of her house on the west side of Main Street in the Borough of Athens in Bradford County. There were no lights on the car, a fact for the jury on the question of her negligence. Plaintiff, on a motorcyle, shortly after midnight July 20, 1941, driving southward, collided with the left rear bumper of defendant's car, was thrown to the street and seriously injured. He testified that he did not see and could not have seen the car in time to avoid striking it because he was temporarily blinded by a northbound car approaching and passing him as he neared the place where defendant's car was parked.

The appeal is ruled by *Farley v. Ventresco,* 307 Pa. 441, 161 A. 534. In that case we had allowed an appeal from the Superior Court for the purpose of considering the question thus stated by Justice SIMPSON: "Is a plaintiff *necessarily* guilty of contributory negligence if, though blinded by lights of automobiles coming in the opposite direction, he continues to drive for a period of two seconds, striking a crane parked without lights on a dark street?" We answered the question "No" and stated that it was a matter for the jury's consideration. The rule has been applied in a number of decisions, recently collected in *Vierling v. Fry,* 354 Pa. 66, at page 68, 46 A. 2d 473.* In those cases the circumstances of the blind driving of course varied. The appellee plaintiff was traveling on a descending grade; the street was 30 feet wide and the defendant's car was standing under a shade tree. Such lights as there were at the street intersections, 180 feet away in one direction and 185 in another, were necessarily diffused by the distance from the place of the collision and perhaps by the trees. The

---

* *Nelson v. Damus Bros. Co., Inc.,* 340 Pa. 49, 16 A. 2d 18; *Buohl v. Lockport Brewing Co.,* 349 Pa. 377, 37 A. 2d 524; *Kuntz v. Waldameer Co., (No. 1),* 68 Pa. Superior Ct. 73; *Cupples, Jr., v. Yearick,* 99 Pa. Superior Ct. 269; *Kelly v. Irvin,* 106 Pa. Superior Ct. 329, 163 A. 344; *Hirth v. Marano,* 112 Pa. Superior Ct. 187, 170 A. 438; *Boor v. Schreiber,* 152 Pa. Superior Ct. 458, 33 A. 2d 648; *Porfilio v. Aaron,* 157 Pa. Superior Ct. 513, 43 A. 2d 370.

evidence of speed at which plaintiff drove and at which the other car approached varied leaving the fact uncertain. In the circumstances of this case, as in the cases referred to, it cannot be said the blinded driver's contributory negligence was so clear as to justify a nonsuit or, subsequently, the entry of judgment for the defendant.

Judgment affirmed.