## Miller *v.* Duffee Transfer Company, Appellant.

Argued April 13, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*James E. Marshall,* with him *Marshall & Marshall,* for appellant.

*J. Campbell Brandon,* with him *Brandon & Brandon,* for appellee.

OPINION BY FINE, J., July 15, 1949:

This is an action in trespass by Herbert B. Miller against Duffee Transfer Company to recover damages resulting when the former, temporarily blinded by headlights of the latter's tractor-trailer, struck the trailer which was parked diagonally or "jack-knifed" across the highway. A jury returned a verdict in favor of the plaintiff in the sum of $1,500.00. This appeal is from the dismissal of defendant's motion for judgment *non obstante veredicto.*

The evidence viewed in a light most favorable to plaintiff, resolving any conflicts in the testimony in his favor and according him the benefit of every inference of fact reasonably deducible from the evidence (*Phillips v. Philadelphia Transportation Company,* 358 Pa. 265, 266, 56 A. 2d 225; *Elliott v. Philadelphia Transportation Company,* 356 Pa. 643, 53 A. 2d 81; *Scholl v. Philadelphia Suburban Transportation Company,* 356 Pa. 217, 219, 51 A. 2d 732; *Buohl v. Lockport Brewing Company,* 349 Pa. 377, 378, 37 A. 2d 524) warrants a recital of the following material facts.

On December 20, 1945, at about 12:30 a.m., plaintiff was driving his automobile south on Route No. 8 about one mile north of Harrisville in Butler County, Pennsylvania. This concrete highway is approximately eighteen feet wide and in the area of collision has a

slight grade. It had snowed for a considerable period preceding the accident so that there were three inches of snow on the highway at that time. When plaintiff's car was about 300 to 500 feet away he observed for the first time the headlights of defendant's tractor parked in the northbound traffic lane. Plaintiff remarked to his passenger, William Moore, that it appeared a motorist was in trouble. Plaintiff testified that he slowed down his vehicle because the headlights of the parked vehicle, which were on high beam, temporarily blinded him; that when his car was abreast of the parked vehicle he could not see beyond the headlights; that he again decreased his speed to approximately ten to fifteen miles per hour; and when he had proceeded a few feet beyond the blinding headlights he saw for the first time, about ten to fifteen feet away and diagonally (northeast to southwest) across the highway the massive trailer of the defendant. Plaintiff attempted but was unable to stop, the hood of his vehicle passed under the high body of the trailer and his left front post and windshield were demolished by the impact with the left rear body of the trailer. It is undenied that defendant's trailer was placed in a diagonal or "jack-knifed" position across the plaintiff's southbound lane of traffic to permit a tow chain to be attached to it and to a car stuck in a snowbank on the westerly side of the road preparatory to pulling the stalled car back on the main highway. The headlights which blinded plaintiff were on the tractor to which the trailer was attached; no other lights were discernible on the tractor or on the trailer or on the stalled car. There was no warning of any sort; concededly no flares were placed.

Conceding its own negligence, defendant contends that plaintiff was guilty of contributory negligence as a matter of law because having observed a potential danger ahead he then blindly proceeded a distance of 300 to 500 feet thereafter, instead of stopping in time to avoid

the collision. It is well settled that contributory negligence should be pronounced as a matter of law only ". . . when the evidence is clear and unmistakable, and no other inference can reasonably be deduced therefrom . . . "; if otherwise, the question of contributory negligence is for the jury. *Phillips v. Philadelphia Transportation Company,* supra, 358 Pa. 265, 56 A. 2d 225; *Scholl v. Philadelphia Suburban Transportation Company,* supra, 356 Pa. 217, 51 A. 2d 732. See *Caulton v. Eyre & Co., Inc.,* 330 Pa. 385, 390, 199 A. 136.

Where, as here, a motorist is temporarily blinded by the headlights of a vehicle parked in the opposite traffic lane, the failure of the driver to stop within the assured clear distance ahead as required by The Vehicle Code [1] may be excused: *Buohl v. Lockport Brewing Company,* supra, 349 Pa. 377, 378, 37 A. 2d 524; *Kazan v. Wilkes-Barre Rwy. Corp.,* 151 Pa. Superior Ct. 38, 40, 29 A. 2d 221, affirmed in 347 Pa. 232, 32 A. 2d 32; *Farley v. Ventresco,* 307 Pa. 441, 161 A. 534; *Nelson v. Damus Bros. Co., Inc.,* 340 Pa. 49, 16 A. 2d 18; *Porfilio v. Aaron,* 157 Pa. Superior Ct. 513, 43 A. 2d 370; *Boor v. Schreiber,* 152 Pa. Superior Ct. 458, 33 A. 2d 648. Whether plaintiff was temporarily blinded and whether he proceeded thereafter with due caution in the circumstances were questions of fact to be determined by the jury. The negligence of the driver is often dependent upon the circumstances of the particular case, i. e., the nature of the disconcerting circumstances affecting his actions at the time of the collision and the reasonableness of his reactions thereto. As was aptly said in *Frowd v. Marchbank,* 154 Wash. 634, 283 Pac. 467, ". . . to say that it is negligence to drive past an automobile in such a situation [i.e., having blinding headlights] is practically to say that it is negligence to drive along a highway in the nighttime at all." [2]

---

[1] Act of 1929, P. L. 905, art. X, §1002(a), as last amended by Act of 1947, P. L. 399, 75 PS §501.

[2] Quoted in *Farley v. Ventresco,* 307 Pa. 441, 161 A. 534.

Great reliance is placed on *Vierling v. Fry*, 354 Pa. 66, 46 A. 2d 473, by appellant as controlling on the question of appellee's contributory negligence. That case, however, is distinguishable on the facts. There, the operator, temporarily blinded, failed to appreciably reduce his high speed of forty to forty-five miles per hour and thereby failed to exercise the "measure of control" which the plaintiff in the case at bar exhibited by proceeding with caution at a reduced speed of ten to fifteen miles per hour. Such conduct of Vierling prompted the Supreme Court to properly observe: "To have kept on at that rate during the entire time he was unable to see, and to have emerged from the zone of blindness at that same speed without knowing what might be immediately ahead of him, undoubtedly convicts him of contributory negligence and the court might have so held as a matter of law . . ."

In *Boor v. Schreiber*, supra, 152 Pa. Superior Ct. 458, 461, 33 A. 2d 648, we held: "It is now settled by Farley v. Ventresco, 307 Pa. 441, 161 A. 534, that a driver is not bound to stop merely because he is 'blinded' by the headlights of another vehicle. Plaintiff testified he and the driver would have seen defendants' truck if they had not been thus blinded. We do not understand him to have meant that, as they proceeded, they were unable to see anything. . . . What plaintiff meant was that they were unable to see anything beyond the screen or curtain caused by the glaring headlights. We are not prepared to say, as a matter of law, plaintiff should have anticipated defendants' 'blacked-out' truck lurking behind the 'curtain.' . . ."

The plaintiff cannot be said to have been negligent as a matter of law, for his failure to foresee a situation negligently created and screened by the defendant in violation of The Vehicle Code,[3] and not reasonably likely

---

[3] Act of 1929, P. L. 905, art. VIII, §824(b), as last amended by the Act of 1945, P. L. 304, §1, 75 PS §432.

to arise beyond the zone or curtain of blindness. *Nelson v. Damus Bros. Co., Inc.,* 340 Pa. 49, 51, 16 A. 2d 18; Cf. *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 503, 154 A. 805. "We have consistently held that a fixed rule cannot be laid down which will determine in every instance the person legally responsible for a rear-end collision on a highway at night between a parked vehicle and one that is moving": *Buohl v. Lockport Brewing Co.,* supra, 349 Pa. 377, 379, 37 A. 2d 524.

Judgment affirmed.