Commonwealth *v.* Lakatas, Appellant.

Argued November 21, 1952.   Before STERN, C. J.,
STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Martin H. Philip*, with him *Jacob Philip* and *Philip
& Philip*, for appellant.

*Frank P. Lawley, Jr.*, with him *Donald L. McKay,
Randolph C. Ryder*, Deputy Attorney General and
*Robert E. Woodside*, Attorney General, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 5, 1953:

Mike Lakatas, defendant, appeals from an order of the Court of Common Pleas of Carbon County, affirming an order of the Secretary of Revenue suspending defendant's license to operate motor vehicles for a period of six months.

The suspension was under Section 615 of The Vehicle Code, Act of May 1, 1929, P. L. 905, as amended, 75 PS 192 (b) 4. This section has been construed in *Commonwealth v. Cole,* 350 Pa. 369, 39 A. 2d 361, and in *Commonwealth v. Bushey,* 368 Pa. 67, 82 A. 2d 39. We held in those cases that even though the licensed operator of a motor vehicle was involved "in an accident resulting fatally to any person", nevertheless, a court may reinstate the license where negligence or recklessness by the operator is not proved. We also held that such negligence, when proved, should be of such a character that, in the discretion of the Court, the defendant should have inflicted upon him the penalty of having his license suspended in the interest of public protection.

From the findings of fact, based upon the testimony of appellant (the only witness to the accident), the facts may thus be summarized: On October 6, 1951, appellant was driving his automobile at 7:20 p.m. at a speed of from thirty to thirty-five miles an hour on a macadam highway fourteen feet in width; the weather was clear and it was dark; there was a steep ascending grade; appellant was driving in second gear and at top of grade shifted to high gear and was traveling thirty-five miles an hour; a car approaching appellant's car had its lights on high beam, as were appellant's lights; appellant blinked his lights twice and the second time reduced his lights to low beam; the approaching car's lights blinded appellant and that driver did

not reduce his lights; as the cars approached appellant "slowed down"; he did not stop his car; appellant "could only see the macadam road real close, because the lights on the car approaching his car were blinding him so bad that he could not see very far"; appellant kept on driving his car "when he could see ahead of him only six to seven feet"; when the approaching car passed, appellant "threw his lights on high beam and saw [decedent] walking on the edge of the street. [Decedent] was within 10 feet of appellant's car. . . . When appellant saw the [decedent] on the highway, he swung his car to the left, to the center of the street, and struck [decedent], fatally injuring him."

In sustaining the suspension the learned hearing judge ruled that appellant was negligent. He based this conclusion upon the fact that appellant was temporarily blinded by the lights of the approaching car; that "it was [appellant's] duty to bring his car to a standstill since the obstruction from the lights of the approaching car was temporary and would soon come to an end. That is what a careful and prudent operator would have done under the circumstances, and his failure to do so is an act of omission on his part which the Court concludes is negligence." The court was also of opinion that because appellant saw decedent within ten feet when he put his lights on high beam, he was negligent in not stopping his vehicle within the assured clear distance ahead.

The court decreed that the appeal from the action of the Secretary of Revenue suspending appellant's license for a period of six months be dismissed, but recommended to the Secretary of Revenue the issuance of a restricted license enabling appellant to operate his vehicle to and from work.

If the facts presented by the present record had been developed during the trial of an action in tres-

pass, it would have been improper for a trial judge to declare as *matter of law* that it was negligence for appellant to omit to stop when he was temporarily blinded by the lights of the approaching car. The questions of plaintiff's negligence and decedent's contributory negligence are ordinarily for the jury: *Weibel v. Ferguson,* 342 Pa. 113, 19 A. 2d 357; *Wolfe v. Beardsley,* 357 Pa. 1, 53 A. 2d 92. In *Farley v. Ventresco,* 307 Pa. 441, 161 A. 534, this Court held that a driver of an automobile cannot be charged with negligence, *as matter of law,* for not stopping at once on finding that his vision is temporarily obscured. Speaking through Justice SIMPSON, we said, quoting from a cited case, p. 446: " 'to say that it is negligence to drive past an automobile in such a situation [i.e. having blinding headlights] is practically to say that it is negligence to drive along a highway in the nighttime at all.' " In *Boor v. Schreiber,* 152 Pa. Superior Ct. 458, 33 A. 2d 648, it is said, p. 461: ". . . a driver is not bound to stop merely because he is 'blinded' by the headlights of another vehicle." See also: *Porfilio v. Aaron,* 157 Pa. Superior Ct. 513, 515, 43 A. 2d 370.

Nor do we agree that appellant was negligent as matter of law in failing to stop within ten feet after he ceased to be blinded upon the passing of the other car and after appellant threw on his high beam light and observed decedent ten feet ahead of him; this upon the theory of stopping within "the assured clear distance ahead." In *Vierling v. Fry,* 354 Pa. 66, 46 A. 2d 473, Chief Justice STERN, citing numerous cases in a footnote, said p. 68: ". . . it has been held in a veritable multitude of cases that the failure of a driver to stop within the assured clear distance ahead may be excused if due to a temporary blindness caused by the bright lights of another vehicle."

In *Boor v. Schreiber,* 152 Pa. Superior Ct. 458, 33 A. 2d 648 (above cited), the facts closely paralleled

those in the present case. It is said, p. 460: "The blinding effect of the headlights created a screen or curtain beyond which plaintiff and his driver could not see until they passed beyond it. *When they did so, they were confronted by defendants' truck 15 or 20 feet in front of them* standing without lights and directly in their path. Defendants' truck was facing east on its left or the north side of the travelable portion of the highway. Plaintiff's driver was unable to stop in time to avoid colliding with it." (Italics supplied) See also *Buohl v. Lockport Brewing Company,* 349 Pa. 377, 37 A. 2d 524; *Young v. New York Auto Carrier Company,* 364 Pa. 351, 72 A. 2d 68; *Porfilio v. Aaron,* supra; *Miller v. Duffee Transfer Company,* 165 Pa. Superior Ct. 64, 67, 67 A. 2d 809.

We do not decide that appellant was free from negligence, but hold that if negligence existed it was not of such quality as to warrant revocation of his license. As we said in *Commonwealth v. Bushey,* 368 Pa. 67, 82 A. 2d 39, and which is plainly applicable here, p. 68: "In the present case the alleged negligence, if any existed, . . . did not warrant the order imposed."

Order reversed. Costs to be paid by the Commonwealth.