## Gross License

*Leon H. Fox*, for appellant.

*Daniel L. Quinlan*, Deputy Attorney General, for Secretary of Revenue.

CORSON, J., April 22, 1955.—After hearing upon the present appeal, the trial judge makes the following

### Findings of Fact

1. Petitioner resides at 1509 Sheffield Lane, Lower Merion, Montgomery County, Pa., and for many years prior to January 18, 1955, has been a licensed operator of automobiles.

2. On August 1, 1954, while operating his automobile, petitioner was involved in an accident at the intersection of Sproul and Darby Roads, in Delaware County, Pa. Petitioner was not arrested nor was any summons issued against him by the local authorities.

3. Petitioner was notified to appear for a hearing before a representative of the Department of Revenue on December 28, 1954, and did so appear.

4. On January 18, 1955, the department notified petitioner that his operator's license was suspended for a period of one month from that date for "reckless driving", and ordered petitioner to return his opera-

tor's card to the Bureau of Highway Safety of the department.

### Discussion

The present appeal raises a most interesting question. The only evidence presented was presented by the Deputy Attorney General who offered in evidence the first four paragraphs of appellant's petition, which have, therefore, been adopted as findings of fact by the hearing judge. The Commonwealth thereupon closed its case, and appellant, in effect, demurred to the evidence.

Thus, the question presented involves two problems:

1. Does the Commonwealth have the burden of proof in an appeal from a license suspension?

2. If the Commonwealth has the burden of proof, is there enough in the paragraphs offered in evidence to warrant the action of the Secretary of Revenue and sustain the suspension?

There would seem to be no decided cases in our appellate courts deciding where the burden of proof rests in an appeal of this kind. However, it is clear from numerous decisions of the Supreme Court that on such an appeal the hearing before the court of common pleas is de novo: Commonwealth v. Strobel, 375 Pa. 292 (1953). Further, it is established that on such an appeal neither the action of the secretary nor testimony taken before him can be introduced or made part of the record: Commonwealth v. Emerick, 373 Pa. 388 (1953). In light of these principles, it is difficult to see how this court can sustain the secretary's action in this case. The only "evidence" offered by the Commonwealth's counsel was the averments in appellant's petition for appeal. By them it is established that appellant, while operating his car, was involved in an accident as a result of which, after hearing, the secretary suspended his license for "reckless driving". These are the only facts which this court can find from the

evidence presented, and the mere fact that appellant was involved in an accident is no basis for suspending his license. The accident, to make a defendant culpable, must have been a result of, or partially caused by, defendant's negligence (Commonwealth v. Cole, 350 Pa. 369 (1944)), and the court may properly reinstate the license where negligence or recklessness by the operator is not proved: Commonwealth v. Cole, supra, and Commonwealth v. Lakatas, 372 Pa. 219 (1953).

How can this court, on such testimony, "determine anew whether the operator's license should be suspended"?: Commonwealth v. Wagner, 364 Pa. 566, 569 (1950), quoting Commonwealth v. Funk, 323 Pa. 390, 399 (1936).

Were we to uphold the suspension on the basis of the foregoing findings of fact, undoubtedly we would be reversed on appeal: Commonwealth v. Herzog, 359 Pa. 641 (1948). No competent evidence appears to support a finding or inference of negligence or recklessness, and negligence may not be inferred from the mere happening of an accident.

From the conclusions above and the cited cases, we must agree with the Court of Common Pleas of Westmoreland County, speaking through Laird, P. J. He concluded that in light of the fact that such appeals are to be heard de novo, ". . . it is, therefore, the duty of the Commonwealth to produce evidence sufficient to warrant the Court in sustaining the action of the Secretary of Revenue in suspending the license": Commonwealth v. Alker, 32 West. 13 (1950).

In that case, as in this, appellant had been involved in an accident and had had his license suspended by the secretary for "reckless driving". In his petition for an appeal, appellant in the cited case also averred similar facts, namely, that he had been involved in an accident and that he had received notice from the

secretary of suspension of his license for reckless driving. However, in that case the Commonwealth further produced testimony in an effort to establish negligence but was not successful. The court concluded that since the Commonwealth had not met its burden, had failed to establish a basis for sustaining the suspension, the action of the secretary must be reversed. To this effect also, see Appeal of Bill Burke, 15 Fayette 42 (1952). It cannot be argued that the Commonwealth has done a more adequate job of establishing a violation where it fails to produce any testimony other than the averments of appellant's petition.

But the Commonwealth's representative argues that the burden rests upon appellant to establish a basis for revoking the suspension and cites Supreme Court cases to support his argument. However, the position taken by the Westmoreland County court derives as much, if not more, support as does the Commonwealth's position, from the dicta in the same Supreme Court cases from which counsel for the Commonwealth quotes to support his contention. This conclusion is more consonant with the decided cases and produces a more uniform application of the code than would result if the Commonwealth's argument were accepted. It may be true, that there is need for appellate review or legislative action to clarify the principles governing license suspension appeals and reinstatements. But it is also true that if the secretary would initially exercise the discretion given him by the legislature (Section 615.1(b) of the code, 75 PS §192.1(b)) in suspending licenses for violations of the code, then there would be fewer appeals, fewer reinstatement orders, and less confusion.

It is our conclusion, therefore, that on appeal, the Commonwealth must establish some violation of The Vehicle Code. Since the record of proceedings before the secretary and his action are not admissible accord-

ing to the decisions of the Supreme Court, the mere reading of appellant's averment that his license was suspended by the secretary for "reckless driving" does not establish a violation of the code. This is not a case where the operator has voluntarily paid a fine and pleaded guilty to some charge of a code violation. The Commonwealth has conceded this by reading appellant's second paragraph into evidence. On the basis of this record, we cannot find any facts which sustain the reckless driving charge and support this suspension and, therefore, we enter the following order:

And now, April 22, 1955, it is ordered, adjudged and decreed that the action of the Secretary of Revenue in suspending the operating privileges of Jack Gross shall be reversed, and the secretary is ordered to restore the license to Jack Gross.