Commonwealth *v.* Herzog, Appellant.

Submitted May 24, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

642

*Norman H. Abrahamson, Milford J. Meyer* and *Meyer, Lasch, Hankin & Poul,* for appellant.

*Randolph C. Ryder,* Deputy Attorney General, *Lester R. Male* and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY MR. JUSTICE JONES, July 6, 1948:

The Secretary of Revenue, in an exercise of the authority conferred by Sec. 615 (b) (4) of The Vehicle Code of 1929, as amended (75 PS § 192 (b) (4)), suspended the defendant's operator's license. The basis for the action was the fact that the defendant was the operator of an automobile involved in an accident which resulted fatally to a person. The court below dismissed the defendant's appeal and the matter is now before us, at the defendant's instance, as on certiorari, our review being limited to determining whether the findings of the court below are supported by competent evidence and to correcting any conclusions of law erroneously made: see *Commonwealth v. Cronin,* 336 Pa. 469, 475, 9 A. 2d 408, and also *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 309, 49 A. 2d 783, and cases there cited. We find reversible error in both regards.

It is implicit in the opinion filed by the court below that the primary concern of the hearing judge was whether the action of the Secretary of Revenue was justified by the available evidence in the case. Such an approach to the problem was, of course, contrary to the

intent of The Vehicle Code. The relevant provision of the Statute (Sec. 616, 75 PS § 193), as frequently and uniformly construed by this Court, means that the hearing on an appeal to a common pleas court from an order of the Secretary of Revenue suspending an operator's license is to be *de novo*: see *Bureau of Highway Safety v. Wright*, supra, and cases there cited. In *Commonwealth v. Cole*, 350 Pa. 369, 371, 39 A. 2d 361, Mr. Justice PATTERSON, speaking for this Court, said with respect to existing pertinent decisions,—"All of these cases hold that an appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but to hear evidence and determine, in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should be suspended". Nor was the error of the situation offset by the bald statement in the opinion, subsequently filed, that "The Court heard the case de novo and at the conclusion of the testimony dismissed the appeal". That expression was but a *pro forma* affirmation of the legal requirement in the circumstances which had not been followed in practice as will be seen.

After treating with the evidence in the case and finding that the defendant was "not entirely free of negligence", the court below dismissed the appeal because of the expressed feeling ". . . that the department has not abused the discretion which the law gives them in suspending the operator's license of any person operating a motor vehicle in an accident resulting fatal to any person . . .". Yet, the court's duty in the premises was to determine independently, on the basis of the testimony adduced at the hearing on the appeal, whether the suspension was merited. One of the principal offices of the appeal, in obedience to constitutional requirements, is to furnish a judicial hearing on the merits. In no way does the appeal partake of the nature of a certiorari: see *Commonwealth v. Funk*, 323 Pa. 390, 397, 186 A. 65. In that case, it was held (p. 399) that the inclusion by

the hearing court of the testimony taken before the Secretary on the license suspension, merely as *a part* of the record on the appeal, was error. The offense of the court in the present instance was even greater.

In addition to failing to discharge the cognate responsibility in the manner contemplated by law, the lower court deliberately confirmed a very material finding of fact on the basis of unspecified complaints against the defendant by unidentified persons in other connections to which the court gratuitously alluded but which it did not attempt to have placed upon the record. Thus, the finding of the court below that the defendant "was not entirely free of negligence" was drawn not only from the testimony in the case but also, as the court itself avers, ". . . from the numerous complaints which the Court had had on other occasions on the reckless driving of the defendant . . .". The court's action in such regard amounted to a denial of the full, fair and impartial hearing which is an inherent and unalienable right of our Anglo-Saxon legal heritage and which our constitutional guarantees are designed to safeguard and protect.

It may well be that the court's findings that the defendant was "not entirely free of negligence" and that such negligence contributed in a measure to the sequent fatality would have to be affirmed under the limitations of our reviewing power, even though, concededly, the other operator involved in the accident was primarily at fault. It will be recalled that the crucial factor in the suspension of a license in the circumstances is that "the fatality resulted from the negligence" of the operator whose license is singled out for suspension. See *Commonwealth v. Cole,* supra. In the instant case, the evidence shows that the operator of the other automobile, while under the influence of intoxicating liquor, was driving at night on the wrong side of the highway and that his automobile struck the left front side of the defendant's car, that impact turning it off the highway and causing it to roll over with fatal results to a pas-

senger on the front seat of the defendant's car. Because of the fatality, both operators were indicted and tried for involuntary manslaughter. The defendant was acquitted by a directed verdict of the jury while the other operator was convicted. In the light of the errors herein cited, we have no alternative but to reverse the action of the court below.

Order reversed and suspension vacated at the Commonwealth's costs.