## Commonwealth v. Novinskie

*M. L. Harter, Jr.*, for Secretary of Revenue.

*W. Irvine Wiest*, for appellant.

TROUTMAN, J., January 23, 1950.—The Secretary of Revenue suspended the operator's license of John Novinskie, petitioner, for a period of two months for the reason that he had committed a violation of the motor vehicles laws of the Commonwealth, in that he was guilty of reckless driving.

Novinskie appealed to this court in accordance with the provisions of section 616 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by section 10 of the Act of June 27, 1939, P. L. 1135, 75 PS §193. The

Supreme Court has consistently interpreted the Act of May 1, 1929, P. L. 905, as amended, supra, as vesting in the court of common pleas power to hear appeals de novo and determine from the evidence adduced before it whether the operating privileges should be suspended: Handwerk Automobile License Case, 348 Pa. 263, 264; Commonwealth v. Cronin, 336 Pa. 469, 473; Bureau of Highway Safety v. Wright, 355 Pa. 307. All of these cases hold that an appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but to hear evidence and determine, in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should be suspended. See Hardwick Automobile License Case, 348 Pa. 266, 267; Commonwealth v. Cole, 350 Pa. 369, 371; Commonwealth v. Herzog, 359 Pa. 641.

On December 26, 1948, at about 7:20 o'clock p.m., appellant, John Novinskie, of Shamokin, Northumberland County, was involved in an automobile accident. He was proceeding westwardly on United States route no. 122 from the Village of Ranshaw to Shamokin and shortly after entering the borough limits of Shamokin collided with a parked car owned by Howard Renn, which was parked on the north side of the highway in front of a dwelling numbered 902 East Mount Carmel Street, Shamokin.

Novinskie had spent some time at the Brady Fire Company located in the Village of Ranshaw, making arrangements for a New Year's Eve party and according to his testimony had two glasses of beer. He testified that as his car proceeded west on Mount Carmel Street, it suddenly crashed into the back of the Renn vehicle, which was parked on the north side of the highway. He had no recollection of how the accident happened and was unable to explain why it had occurred. He was stunned by the impact and regained

consciousness after he arrived at the Shamokin State Hospital. There were no witnesses to the actual collision. The accident happened on a clear night and while there was snow in some parts of Shamokin, there was none on the highway at the point of the accident.

Petitioner was questioned concerning a report which was sent to the Bureau of Highway Safety concerning the accident and upon being questioned as to whether or not he had made up the report, stated that it had been prepared by Mr. Renn, the owner of the parked vehicle, and that he had signed the same. In relation to drinking prior to leaving his home for Ranshaw, he testified that he had part of a glass of wine at dinner time. The report was offered in evidence by the Commonwealth for the purpose of showing that the report stated that petitioner had been driving too fast for conditions and that he was apparently intoxicated. This report was admitted for the purpose of contradicting appellant, who stated that he thought he was not driving too fast and that he was not intoxicated.

The stenographer, who took the notes of testimony at the hearing before the representative of the Bureau of Highway Safety, was called and testified that at the hearing petitioner had stated that he had two glasses of wine late on the afternoon of the accident and had then proceeded to Ranshaw. This was offered in contradiction of testimony of petitioner to the effect that he had less than one glass of wine at dinner time on that day. These exhibits, as has been previously stated, were only admitted for the purpose of contradicting petitioner and for the purpose of attacking his credibility and were not received for the purpose of admitting into this record, on a hearing de novo, the testimony of petitioner taken before the Highway Department representative and his report to the bureau as evidence of reckless driving.

The damages incurred by both cars were quite extensive, the damage to the Renn car being $234 and the damage to petitioner's car being approximately $350. The Renn car was properly parked upon the highway in a built-up section of Shamokin. While ordinarily the mere happening of an accident does not necessarily indicate negligence, nevertheless, it may be inferred from the circumstances. The fact that the Renn car was properly parked upon the highway and was struck by the car driven by petitioner, could lead to no other conclusion but that petitioner was driving his motor vehicle without any regard for the safety of the property of another which was legally parked upon the highway. Petitioner admits that he was driving on a State highway and then states that he has no recollection of how the accident happened. This would indicate that he was not paying any attention to the condition of the highway and was not alert to observe the use of the highway by other vehicle owners.

We are of the opinion that when petitioner signed the accident report he, in fact, admitted that he was driving too fast for conditions and that he was apparently intoxicated. There is no testimony that these spaces were blank when he signed the report and there is no evidence that he had any disability which would have prevented him from knowing the full import of what was contained in the report. When a person signs a paper without any evidence of any disability on his part to understand the same and without any evidence of any fraudulent insertion of any matter after the signing, it must be presumed that he knew the contents thereof. Aside from the accident report, the circumstances of the accident can lead to no other conclusion but that petitioner was driving too fast for conditions and for some reason or other was not paying any attention to the manner in which he drove his motor vehicle.

Petitioner has cited the cases of Commonwealth v. Harry S. Long, 19 Northumb. 12, and Commonwealth v. Masciantonio, 19 Northumb. 44, in support of his contention that the mere happening of an accident does not indicate recklessness or negligence. Both of these cases are distinguishable on their facts from the instant case. In the Long case, appellant's car struck a tree alongside the highway. There was some question as to whether Long or a guest in his car was driving the automobile and some indication that Long was intoxicated. Long testified that he did not know what had happened. Under such circumstances, the court held that the evidence was insufficient to warrant a finding that appellant was guilty of reckless driving. Had Long hit an obstacle on the roadway which was legally parked there or traveling thereon, there is no question but that the court would have reached a different conclusion. The Long accident happened in a rural area whereas the present collision occurred on a public highway within the built-up area of the Borough of Shamokin. In the Masciantonio case, there was evidence to the effect that it was a rainy and foggy night and that petitioner was driving at a very moderate rate of speed due to the fog and that, despite the fog, decedent was walking on the concrete surface of the roadway. There being a conflict in the testimony as to negligence on the part of the driver, the court concluded that there was insufficient evidence to show that Masciantonio was negligent on that occasion. In this case, there was no testimony as to the speed of appellant's car and the only testimony as to the actual collision is that appellant's car collided with the Renn car which was properly and legally parked upon the street.

After considering all of the evidence in this case, including the statements made by appellant when he testified at the hearing de novo and the contradictory testimony and statements, which he had made on other

occasions, we are of the opinion that appellant did operate his motor vehicle at a rate of speed too fast for conditions, was inattentive and operated the same without regard to the lives or property of other people lawfully using the highway, and that he was driving his vehicle in a careless and reckless manner on this occasion.

Finding appellant guilty of reckless driving, we are of the opinion that the withdrawal of his operating privileges for a period of two months was just and proper under the circumstances and the appeal must be dismissed.

We are aware of the fact that petitioner needs his motor vehicle operating license in the performance of his duties as an insurance agent and that it would be an economic hardship on him to be deprived of his operating privileges, and we are further cognizant of the fact that there is no previous record of motor violations against appellant and therefore believe that this presents a case where a restricted license, limited to the operation of a motor vehicle in the transaction of appellant's business as an insurance agent, should be issued. However, this court does not have the authority nor has it the jurisdiction to award such a restricted license in the present appeal.

### Order

And now, to wit, January 23, 1950, appellant's appeal from the action of the Secretary of Revenue of the Commonwealth of Pennsylvania, suspending his motor vehicle operating privileges for a period of two months, is hereby dismissed and the order of the Secretary of Revenue in suspending the privileges for a period of two months is hereby reinstated. Costs are to be paid by appellant.