## Commonwealth v. Bango

*M. L. Harter*, for Secretary of Revenue.

*F. F. Reamer*, for defendant.

TROUTMAN, J., August 21, 1950.—John Bango, a resident of the City of Shamokin, County of Northumberland and State of Pennsylvania, while operating a 1949 Plymouth sedan on a public highway known as

United States Route 15, between West Milton and Williamsport in White Deer Township, Union County, Pa., at about 4:45 p.m. on August 26, 1949, was apprehended by a member of the Pennsylvania State police. The police officer, after following Bango for a distance of approximately three miles, clocked the speed at which the vehicle was being operated at 70 miles per hour over a distance of a half mile.

An information was filed by the officer before a justice of the peace in White Deer Township, Union County, Pa., charging Bango with exceeding the speed limit, which resulted in the imposition of a fine and costs which were paid by Bango.

A hearing was held before a representative of the Secretary of the Department of Revenue on January 10, 1950, and on January 31, 1950, petitioner, John Bango, was notified that his operating privileges were suspended for a period of 90 days, commencing January 31, 1950, the reason for withdrawal being speeding.

On February 17, 1950, Bango presented his petition to this court for an appeal from the action of the Secretary of Revenue in suspending his operating privileges. The appeal was allowed and the court directed that it act as a supersedeas.

A hearing de novo was held before the court on this appeal on March 20, 1950.

At this hearing it was developed that the arresting officer on August 26, 1949, was patrolling United States Route 15 in the vicinity of West Milton and White Deer Township in Union County, Pa., when he saw the motor vehicle operated by appellant travelling northwardly on that highway and followed the Bango automobile from a point south of West Milton to a mile north of New Columbia, a distance of approximately three miles and after reaching a straight stretch, he was able to drive his car to the rear of the Bango car

and clocked the same for a distance of a half mile at a speed of 70 miles per hour. The maximum speed for the type of vehicle driven by appellant is 50 miles per hour.

The officer testified that the weather was clear and the highway dry and that there was a medium flow of traffic on the highway. The speedometer installed in the patrol car used by the officer had been tested for accuracy on August 26, 1949, the same date as the arrest, at the Gheen Battery Service Station located at Sunbury, Pa. The official certificate of speedometer accuracy issued by the Gheen Battery Service Station for the patrol car used in making the arrest, was offered in evidence and was admitted without objection on the part of appellant.

On cross-examination, the officer testified that he believed that he had asked appellant, upon stopping him, if he realized how fast he was travelling and that appellant said that he did not know or did not realize and stated that his speedometer was broken. The officer testified that he did not examine it.

Appellant, John Bango, testified that he was operating his motor vehicle toward Williamsport on United States Route 15 on the afternoon of August 26, 1949, when he was apprehended by a State motor patrolman. Appellant testified that his speedometer became out of order while he was on this trip to Williamsport, that it had worked itself loose under the dash board, had made a noise and then stopped functioning and that he did stop at a service station and have an attendant try to repair the same. The speedometer became out of order about an hour previous to the arrest. Appellant did not know how fast he was travelling but testified that the officer stated to him that he was going 60 miles per hour. Appellant had no way of knowing exactly how fast he was going because of his damaged speedometer. Appellant did testify that he was paying

attention to how fast he was travelling but really did not know how fast he was operating the car.

Appellant was driving a 1949 Plymouth automobile, practically a new car, and there is no evidence that there was any indication that the speedometer was defective prior to taking the automobile out on the highway. Appellant has been driving a motor vehicle for the past 21 years and is or should be a very experienced motor vehicle operator and while we realize that he did not have the benefit of a speedometer to check his speed, nevertheless, with the experience which he has had, he should be able to estimate the speed at which a car is traveling within reasonable limits. While he testified that he was paying attention to how fast he was traveling, yet he did not know how fast he was operating his car. The police officer testified that he clocked appellant's car at 70 miles per hour for at least a half mile and, certainly, appellant with the experience which he has had, should have been able to estimate speed within a range of 20 miles per hour. When he learned that he was without the benefit of a speedometer on his car, that should have been a sufficient warning to him to operate his vehicle at a lower rate of speed in order that he might not violate the laws of the road in that respect.

While appellant had never been arrested for speeding at any time, he had been arrested on two previous occasions, once for an improper pass and at another time for failure to stop at a stop sign. Although the previous violations did not involve the offense of speeding, nevertheless, they do indicate a lack of compliance with the laws of the road and certainly do not afford any extenuating circumstances whereby the court may overlook the excessive speed and reverse the action of the Secretary of Revenue.

On an appeal such as this, it is the duty of the court to determine independently, on the basis of the testimony adduced at the hearing on the appeal, whether

the suspension was merited: Commonwealth v. Herzog, 359 Pa. 641. The court has power to determine independently the merit of the suspension: Commonwealth v. Wagner, 364 Pa. 566. We are of the opinion that appellant was sufficiently acquainted with the operation of a motor vehicle to be able to judge speed, particularly when his automobile was proceeding at the rate of from 60 to 70 miles per hour even though he was without the benefit of a speedometer.

We are cognizant of the fact that appellant is employed as a salesman for a furniture company and it is necessary for appellant to use an automobile in order to earn his livelihood. Taking into account this factor together with the defective speedometer, we believe that it is a case which would justify the Secretary of Revenue in issuing a restricted license to appellant for the purpose of operating his car only in connection with his business. However, this court is without authority to order and direct the issuance of such license. The court must either sustain the suspension or reverse it and direct a reinstatement of the license: Commonwealth v. Garman, 361 Pa. 643.

Considering all of the evidence on this appeal and all of the circumstances we are of the opinion that the Secretary of Revenue was justified in suspending appellant's operating license for a period of 90 days. Consequently, the appeal must be dismissed and the order of the Secretary of Revenue withdrawing the operating privileges of appellant reinstated.

*Order*

And now, to wit, August 21, 1950, it is hereby ordered, adjudged and decreed that the appeal of John Bango from the action of the Secretary of Revenue in suspending his motor vehicle operating privileges is dismissed and the action of the Secretary of Revenue in suspending operating privileges for a period of 90 days is hereby reinstated. Costs to be paid by appellant.