## Commonwealth v. Mutschler

*John J. Dempsey, Jr.*, for Commonwealth.

*Michael H. Sheridan* and *Ben R. Jones, Jr.*, for defendant.

LEWIS, J., January 29, 1952.—This is an appeal by defendant, Leo Mutschler, from the decision and order of the Secretary of Revenue suspending his operating privileges for a period of six months.

Pursuant to established practice (Commonwealth v. Funk, 323 Pa. 390; Bureau of Highway Safety v. Wright, 355 Pa. 307) the case was heard de novo.

The reason assigned by the Secretary of Revenue for withdrawing operating privileges was that he was *"involved in a fatal accident."*

On May 22, 1950, at about 10:55 p.m., Leo Mutschler, defendant, was the owner and operator of an automobile which was proceeding in a southerly direction on Wyoming Avenue, Forty Fort, Luzerne County, Pa. At a point near the intersection of Shoemaker

Street defendant's car struck one Miriam Laubaugh, a pedestrian. Miss Laubaugh died as a result of injuries sustained at that time.

At the hearing before the court, Ernest R. Balcomb, a police officer of the Borough of Forty Fort, who was off duty, but who witnessed the accident, testified that he and his wife had been sitting in his, the officer's car, at the curb, on Wyoming Avenue, facing Shoemaker Street. He and his wife had been watching a carnival being conducted on a lot situate on the westerly side of Wyoming Avenue between Sullivan Street and Shoemaker Street.

At that point Wyoming Avenue is a six-lane highway. Several cars were parked on the westerly side, leaving two lanes open for travel in a southerly direction. The witness pulled from the curb, had entered the second lane, when defendant's car passed on his left, traveling in a southerly direction toward Shoemaker Street. Just as defendant's car passed, the witness' wife said: "That woman is going to get hit". The witness then noticed Miss Laubaugh, dressed in black, in the middle of the avenue. Defendant's car swerved to the right to avoid hitting her. However, he struck her. Defendant was not speeding, because he stopped his car within one car length after he struck her. She died immediately.

Defendant resided then in Swoyerville, and now in Wyoming Borough, this county, with his wife and three children. He is employed as a sales manager in 18 counties for Major Distributors, Inc., of Wilkes-Barre. He requires an automobile in his business and averages 200 miles per day.

He testified that he was traveling about 30 miles per hour, and "was practically on top of her", or about fifty feet away, when he first noticed the girl in the street. He applied his brakes and swerved to the right

in an attempt to avoid hitting her. He struck her with the left front headlight. She was thrown into the air and her head struck the windshield. Death was instantaneous. The girl was in motion when he first saw her. He traveled the length of his car after striking her. He was traveling on the right of the center in the third lane from the curb. His car was a 1950 Ford, in good condition and had recently been inspected. The lights were on low beam.

The police officer, the only disinterested witness, testified it was an unavoidable accident insofar as defendant is concerned; that decedent apparently had just walked in front of defendant's car against the oncoming traffic.

The victim had either darted from the westerly curb, or had attempted to cross the wide avenue against traffic from her right, in the north lane, and then changing her mind, returned to the lane used for southerly traffic. In view of the testimony, we must conclude there was no negligence insofar as defendant is concerned.

Section 615.1 of The Vehicle Code of May 1, 1929, P. L. 905, as amended May 18, 1949, P. L. 1412, 75 PS §192 provides:

"(b) The secretary may suspend the operator's license . . . of any person, after a hearing . . . whenever the secretary finds upon sufficient evidence:

"4. That such person was operating any motor vehicle involved in an accident resulting fatally to any person;"

When the matter was before the Secretary of Revenue, apparently the only question considered was that appellant operated a motor vehicle which had been involved in an accident resulting fatally to a person.

It is our duty to determine whether the suspension is merited. We are bound by the facts in the case, and on the record before us. We must now decide whether

appellant's license should be suspended. The act specifically provides:

". . . court . . . shall . . . take testimony and examine into the facts of the case, and . . . determine whether the petitioner is subject to suspension of operator's license . . . under the provisions of this act": Act of May 1, 1929, P. L. 905, sec. 616, as amended June 27, 1939, P. L. 1135, sec. 10; 75 PS §193.

There is no testimony whatever that appellant committed any violation of the motor vehicle laws which caused the accident.

Admittedly, appellant operated a motor vehicle involved in an accident resulting fatally to a person. However, there is no evidence that negligence on his part caused the injuries and death that followed.

The language of the act states that the secretary may suspend the operator's license. The power is discretionary, not mandatory. The court hearing the case de novo is vested with a similar discretion.

Our court en banc has ruled, in an opinion by Valentine, P. J., Commonwealth v. Hill, 40 Luz. L. R. 260, that the license of an operator who figured in an automobile accident resulting in the death of a person should not be suspended in the absence of negligence on the part of the operator.

As Mr. Justice Jones pointed out in Commonwealth v. Herzog, 359 Pa. 641, 644:

". . . the crucial factor . . . is that 'the fatality resulted from the negligence' of the operator whose license is singled out for suspension."

The burden is upon the Commonwealth to satisfy the court, by the fair preponderance of the testimony, that the operator was guilty of negligence.

In Commonwealth v. Cole, 350 Pa. 369, indicating that proof of negligence is required, the Supreme Court at page 372 stated:

"The lower court properly held that the evidence and circumstances of the present case do not establish that the fatality resulted from the negligence of appellee."

Under all the circumstances, and in the exercise of the broad discretionary power vested in us (Handwerk Automobile License Case, 348 Pa. 263, 265), we find that the Commonwealth has failed to sustain its burden and that the appeal must be sustained.

For the above reasons the order of the Secretary of Revenue must be reversed.

Therefore, we enter the following

*Order*

Now, January 29, 1952, the order of the Secretary of Revenue of the Commonwealth of Pennsylvania is reversed and the operator's license of defendant is reinstated.