529

## Commonwealth v. Christman

*Francis J. Gildner*, for Commonwealth.

*D. M. Garrahan*, for defendant.

HENNINGER, P. J., April 19, 1954.—Norman Christman has appealed to this court from a suspension of his operator's license dated September 17, 1953.

It was admitted at a hearing on the appeal from suspension that appellant had not, at the time of suspension, pleaded guilty or nolo contendere to, nor was he found guilty by a judge or jury of, any violation of The Vehicle Code or of any crime involving the use of a motor vehicle.

The notice of suspension was accompanied by a letter from the Secretary of Revenue of the Commonwealth of Pennsylvania containing the following language:

"As the result of information received in this department there is some question as to whether or not you are a proper person to possess the privilege to operate a motor vehicle in this Commonwealth. Under section 615(h) of the Pennsylvania Motor Vehicle Code you are entitled to a departmental hearing. If it is your desire to attend such a hearing and you will so notify us, we will be glad to make the necessary arrangements."

The suspension must have been under paragraph (a)(1) of section 615 of The Vehicle Code of May 1,

1929, P. L. 905, as variously amended, 75 PS §192, which reads as follows:

"(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

"1. That such person is incompetent to operate a motor vehicle or tractor, or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle or tractor upon the highways."

Since suspension without a hearing depends upon the above-quoted language and since admittedly the department had not received any "record of proceedings" justifying suspension, it would have to be based upon a finding by the secretary upon sufficient evidence.

Reference to the letter above-quoted shows that there is neither a finding nor sufficient evidence. "There is some question as to whether or not" is not a finding; it is merely a dubium. "Whether or not you are a *proper* person" is not a finding that appellant is an *incompetent* or a *disabled* person, unsafe to operate a vehicle.

Passing the point whether, in the absence of conclusive records of guilt, evidence can be taken ex parte by the secretary, "information received" is not the equivalent of "sufficient evidence", because there is no assurance of either its competency or its weight. See Commonwealth v. Herzog, 359 Pa. 641, 644.

While Commonwealth v. Funk, 323 Pa. 390, permits suspension or revocation by department officials and without prior conviction of a violation of the code, it affords no basis for arbitrary suspension contrary to code provisions.

Nor does the offer of a hearing accompanying the notice of suspension make of the suspension itself an interlocutory order. Section 616 of The Vehicle Code, 75 PS §193, permits an appeal from any suspension. For appellant to have accepted the offer of a hearing under the circumstances would have left him powerless to question the existing unlawful suspension.

While the appeal is not in the nature of a certiorari (Commonwealth v. Funk, supra, 397; Commonwealth v. Herzog, supra, 643), the Commonwealth offered no evidence to support the suspension and therefore we would be compelled to reverse even if the Commonwealth was not barred by its arbitrary suspension.

Now, April 19, 1954, appellant's appeal from suspension of his operator's license is sustained and it is ordered that the Secretary of Revenue restore appellant's operating privilege if he has not already done so. This order is without prejudice to the right of the Secretary of Revenue to institute such further and appropriate proceedings as he may see fit under the circumstances.