## Yockers License

*Dennis J. Monaghan,* for appellant.
*James R. Charron,* for Commonwealth.

GRIFO, J., September 8, 1970.—This is an appeal from the order of the Secretary of Revenue suspending defendant's operator's license for a six-month period pursuant to section 618(b)(2) of The Vehicle Code of April 29, 1959, P. L. 58, for driving while under the influence of intoxicating beverages. From the testimony the court makes the following:

## FINDINGS OF FACT

1. On March 8, 1970, defendant drove his motor vehicle on Legislative Route 48025 four miles north of Martin's Creek, Lower Mt. Bethel Township, Northampton County, Pa., while he was under the influence of intoxicating beverages.

2. Eo die, a blood alcohol test of defendant was made.

3. Dr. Robert S. Stein examined defendant within two hours after the arrest and found him still under the influence of intoxicating beverages.

4. By criminal action entered to April term, 1970, no. 104, by the Court of Common Pleas of Northampton County, Criminal Division, defendant was charged with driving while under the influence of alcoholic beverages.

5. On June 5, 1970, a Department of Revenue hearing was held as a result of "Violation—driving while under the influence of liquor, violating Section 1037 of the Vehicle Code," and

6. On June 15, 1970, the results of the blood test were suppressed following hearing on petition of defendant by order of this court.

## DISCUSSION

Dr. Robert S. Stein testified that he examined defendant less than two hours after he was charged and found him to be under the influence of intoxicating liquor. He based his testimony on his examination and observation, not on the blood test. Commonwealth offered the blood test that had been suppressed, but defendant's objection was sustained.

Defendant argues that since the blood test was suppressed in the criminal matter it could not have been the basis for suspension of the driving privileges of defendant following the departmental hearing. Nor, he further argues, could it have been the basis

for Dr. Stein's diagnosis of defendant's condition and, therefore, Dr. Stein's testimony was improperly admitted at the appeal hearing. These arguments are not tenable.

"An appeal to the court of common pleas from an order of the Secretary of Revenue suspending an operator's license shall be de novo: Bureau of Highway Safety v. Wright, 355 Pa. 307; Commonwealth v. Herzog, 359 Pa. 641. An appeal to the court is not for the purpose of reviewing the evidence taken before the secretary and his action thereon, but to hear evidence and determine, in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should be suspended: Commonwealth v. Cole, 350 Pa. 369. After the appeal has been heard de novo it is the duty of the hearing judge to make findings of fact from the testimony whereon he may reasonably base his ultimate conclusion as to whether the suspension of the operator's license was warranted: Commonwealth v. Eisenmenger, 365 Pa. 127": Sarti License, 47 D. & C. 2d 313, 316.

At the de novo hearing, the Commonwealth presented the testimony of Dr. Stein. He testified that from his own observation and examination of defendant, he found him under the influence of alcohol. The blood test did not enter into his diagnosis. His testimony remained the same even after close cross-examination on this point.

On the basis of this testimony, the court concludes that the Commonwealth has met the burden of showing by a preponderance of the evidence that defendant was operating his vehicle in Pennsylvania while under the influence of intoxicating beverages.

Accordingly, the court makes the following:

ORDER OF COURT

And now, September 8, 1970, the action of the

Secretary of Revenue imposing a six-month suspension of the driving privileges of petitioner is sustained and the appeal is dismissed.