## Streich License

*R. A. Leuthold,* for appellant.

*B. J. Hessley, John J. Kennedy,* for Commonwealth.

WOLFE, P. J., September 12, 1973.—This matter is before us, on appeal, following the Secretary of

Transportation's revocation of appellant's operating privileges under section 618(a)(1) of the Act of April 29, 1959, P. L. 58, as amended, 75 PS §618, on the grounds that appellant is an incompetent operator. This act permits the secretary to suspend operating privileges of any person, with or without a hearing, when the secretary, inter alia, finds upon sufficient evidence:

"(1) That such person is incompetent to operate a motor vehicle or tractor, or is affected with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle or tractor upon the highways."

Appellant is 77 years old and has been operating a vehicle since 1918 and has had no accidents except one in December 1972, when he caused minor damage to another vehicle while parking. This apparently precipitated a special driving examination which was administered to him on January 16, 1973, the result of which was the driving suspension until he could show competency to operate his vehicle.

The examining officer acknowledged that defendant did not fail any aspects of the road test administered to him but did fail four out of ten Series D legal questions. The officer recommended appellant's suspension mainly for the reason appellant was unsure of himself and operated in an erratic manner by slowly proceeding into the flow of traffic rather than making a firm commitment and accelerated his engine excessively before engaging the clutch, causing his vehicle to start abruptly. Another aspect of appellant's driving which concerned the officer was the manner in which he reached over the steering wheel in front of his face with his left hand to operate the standard gear shift on his truck. According to the officer the act of swinging his left arm over to shift the gear obstructed appel-

lant's view. This manner of shifting was necessitated by reason of a stroke appellant suffered a few years ago and left him with some difficulty to use his right arm.

Appellant contends his view is not obstructed by his manner of shifting as his right hand holds the steering wheel during this procedure and he could, if necessary, use his right arm for shifting but it is more convenient for him to use his left arm.

We find no appellate court cases interpreting or setting any guidelines for the court to determine when a person is "incompetent to operate a motor vehicle." Lower court decisions have decided that "incompetency" is a general lack of capacity or fitness by reason of mental or physical conditions which would render the operator's driving of a vehicle unsafe: Harnish's License, 11 Lebanon 313 (1967); Commonwealth Department of Revenue v. Sechrist, 9 Lebanon 271 (1964).

On appeal from suspension it is the duty of the court to hear the matter de novo and determine in the exercise of its sound discretion and in the furtherance of justice whether the license should be suspended: Commonwealth v. Herzog, 359 Pa. 641 (1948). Thus, the court does not merely determine if there is sufficient evidence for the suspension initially but whether the evidence, on appeal, is sufficient to warrant a suspension. In this regard, the court has broad discretionary powers and must administer justice according to the evidence and circumstances presented: Hardwick Automobile License Case, 348 Pa. 266 (1944). With this in mind and reviewing all the evidence together with the medical reports of the examining physician who affirmed, from a medical standpoint, that appellant can be a safe and competent driver, we are compelled to conclude by a fair preponderance of this

evidence that a suspension is not warranted. Appellant did not fail any of the road test; and he failed to answer satisfactorily only ·four questions out of ten, two of which the court has difficulty in accepting the examining officer's interpretation, namely, when to submit an accident report and when it is lawful to perfect a pass.

In order to sustain a suspension for incompetency, we are of the opinion the evidence must fairly conclude that there is a physical or mental existing condition that would make it unsafe for the operator to drive and not merely a possibility that some untoward event would occur such as a heart attack or stroke that would cause an accident. Mortal beings are always subject to attacks from unexpected sources and no one is a guarantor of life and safety. The appellant's physician could not state with any certainty if appellant would suffer another stroke. We have considered the officer's concern and the possible obscuring of appellant's vision by his manner of shifting but this does not, in our opinion, warrant a suspension nor does his hesitancy in starting and moving into the flow of traffic. In short, we think the evidence merely concludes that there is a possibility that appellant may be more accident prone than an operator of younger years who is without any physical impairment, but there is no evidence to conclude, when comparing a hypothetical driver with no defects to appellant's condition, that he is incompetent and, indeed, we are not satisfied that this is the true test to be applied but, rather, if there is an existing condition that would make it unsafe for him to drive, which we do not find in this case. If the Commonwealth is alarmed by a driver that it feels may, by degrees, become more incompetent as time passes, it can always request further periodic examinations.

For these reasons, we make the following

ORDER

And now, to wit, September 12, 1973, the action of the Secretary of Transportation suspending the license of William S. Streich, also known as William S. Strieck, under section 618(a)(1) of the Act of April 29, 1959, P. L. 58, as amended, is reversed and appellant's license is restored.

Exceptions to the Commonwealth.