## Horner License

*Kent H. Patterson,* for appellant.

*Harold H. Cramer,* for Department of Transportation.

DOWLING, *J.,* June 17, 1977 — Appellant, Louis H. Horner, appeals from the suspension of his driver's license by the Department of Transportation. He was involved in a minor accident on February 1, 1977, when he briefly lapsed into unconsciousness while pulling his vehicle off the road. This is the only experience of this nature which Mr. Horner has undergone. Thereafter, Mr. Horner was asked by the Department of Transportation to be examined by his physician and submit a "convulsive disorder form" to the department. Dr. Loucas C. Tzanis filled out the form and diagnosed the disorder as a "possible hypoglycemic episode,"* while further stating that the condition was under control and appellant could be a safe and competent driver. The suspension was made under section 618(a)(1) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §618, the pertinent parts of which read as follows:

"(a) The secretary may suspend the operating privilege of any person . . . whenever the secretary finds upon sufficient evidence:

"(1) That such person is incompetent to operate a motor vehicle or tractor, or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle or tractor upon the highways."

The issue before the court is whether there is

---

*Hypoglycemia refers to a decrease in the concentration of glucose in the blood to below the limits of normal. 3A Gray's Attorneys Text Book of Medicine §76.00.

sufficient evidence to establish that appellant is "afflicted with mental or physical infirmities or disabilities rendering it unsafe" for him to operate a motor vehicle in light of the single possible hypoglycemic episode. In Lunetta License, 83 Dauph. 319 (1965), this court, through the Honorable R. Dixon Herman, refused to suspend the license of a diabetic who had had an insulin reaction resulting in unconsciousness. In holding that the Commonwealth had failed to prove that the diabetic's condition rendered him an unsafe driver, Judge Herman noted that the diabetic condition was controlled by medication and that the chance for a future episode of unconsciousness was slight, but that if such an episode should happen, there would be symptoms of warning.

In Commonwealth v. Foulkrod, 66 D. & C. 2d 679 (1973), President Judge Wolfe (Forest County) restated the rule to determine whether a person's driver's license should be suspended because of a condition which might cause sudden loss of consciousness, as follows:

"These cases hold it is unjust to deprive an otherwise competent driver of the needed use of his vehicle where there is no more risk to his causing injury to himself or others by his condition, whether it be epileptic or diabetic, than there is in the case of an average driver who may suffer a heart attack or any other number of conditions which might cause sudden loss of consciousness."

In applying this rule, the court in Foulkrod, supra, held that an epileptic who had suffered two attacks was competent to drive an automobile because the condition was controllable by medication and any attacks were proceeded by warnings of fifteen to twenty seconds.

In the case at bar, Dr. Tzanis has indicated that appellant has only had a very mild tendency towards hypoglycemia and that the condition is completely controllable by diet. Mr. Horner has been a long time patient of Dr. Tzanis and has always followed his instructions. Dr. Tzanis has opined that Mr. Horner will not have any further episodes as long as he regulates his diet. Further, Mr. Horner has indicated that his one and only attack was preceded by rather lengthy symptoms, five to ten minutes, the nature of which he is now familiar.

The Commonwealth has cited its regulations which provide as follows:

"An operator's license . . . shall not be issued to any person afflicted by any of the following conditions if they are likely to interfere with the ability to control and safely operate a motor vehicle.

". . . (2) unstable or brittle diabetes or hypoglycemia, unless there has been a continuous period of at least six months freedom from any related seizure." 67 Pa. Code §103.7.

The Commonwealth has taken the position that any person whose condition has been diagnosed as hypoglycemic (or has suffered an episode of unconsciousness for any unknown reason) must be free from seizure for a period of six months in order to avoid suspension of his license. This interpretation is contrary to the clear language of the regulation which requires a finding of interference with the ability to safely operate a motor vehicle and a finding that the hypoglycemia is "unstable" or "brittle."

The courts have held that such an interpretation is invalid and that the issue to be determined by the court is not whether the appellant has experi-

enced a seizure within six months but rather whether the appellant's affliction has rendered him an unsafe or incompetent driver. In Commonwealth v. Thomson, 35 Lehigh 518 (1974), it was held that an epileptic using his medication was competent to hold a driver's license despite a regulation requiring such a person to be free from seizure for a period of two years. The court elaborated as follows:

"These facts, in our judgment, literally compelled a finding that Thomson was a safe and a competent driver. Neither his own safety nor that of other members of the public required that he be deprived of the privilege of operating a motor vehicle. In reaching this conclusion, we rejected the Department's argument that it could by regulation create a conclusive presumption that an epileptic who has suffered any kind of seizure within a period of two years is an incompetent driver. In view of the success which medical science has achieved in treating and controlling epilepsy, such a presumption is neither necessary or realistic."

See also Roberts License, 61 D. & C. 2d 707 (1972); James License, 61 D. & C. 2d 269 (1973); Com. v. Miller, 89 D. & C. 486 (1954); Case of Sullivan Automobile License, 13 Bucks 221 (1963); Lohan Automobile License Case, 25 Bucks 188 (1974).

An appeal from the order of the Department of Transportation suspending an operator's license is heard by a Common Pleas Court de novo. It is for the court to decide in its sound discretion whether appellant's license should be suspended: Com. v. Herzog, 359 Pa. 641, 60 A.2d 37 (1948). In the instant case, the testimony was uncontradicted that appellant's condition is under control, that he

has not had any recurring episodes of hypo-glycemia, that over three and one-half months have passed since the one and only episode, and that he will not have any episodes in the future, according to his doctor.

The clear weight of the evidence is that appellant's condition does not affect his ability to be a safe driver. The Commonwealth has not offered any evidence to indicate otherwise nor has it presented any medical basis for requiring appellant to wait six months to drive an automobile.

Accordingly, we enter the following

### ORDER

And now, June 17, 1977, the within appeal is sustained and the order of the Secretary of Transportation suspending the operating privileges of appellant is reversed and the appellant's operator's license reinstated.