## Commonwealth v. Nesbit

*Carl Rice; Showalter & Showalter*, for appellant.

*J. P. Carpenter*, for Commonwealth.

TROUTMAN, J., August 5, 1946.—On April 25, 1946, W. Harold Nesbit, in compliance with a notice from the Secretary of Revenue, took a special examination, conducted by a member of the Pennsylvania State police, to determine his competency to operate a motor vehicle. Subsequently, on May 7, 1946, his operating privilege was suspended indefinitely, on the ground that he was an incompetent operator. He then presented his petition for an appeal from the action of the Secretary of Revenue in this court. A hearing was held on July 10, 1946, after proper notice to the Secretary of Revenue.

Section 608(*f*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, 75 PS §168, provides:

"The secretary may, in his discretion, require the special examination, by such agencies as the secretary may direct, . . . of any operator, to determine incompetency, physical or mental disability or disease, or any other condition which might prevent such applicant from exercising reasonable and ordinary control over a motor vehicle."

Section 615(*b*)5 of The Vehicle Code, supra, 75 PS §192, provides that the secretary may suspend an operator's license or privilege upon finding "that such person is incompetent or unable to exercise reasonable and ordinary control over a vehicle".

Under section 616 of The Vehicle Code, supra, 75 PS §193, which provides for appeal to the court of common pleas by an operator from the suspension of

his license by the secretary, it is the duty of the court to hear de novo the witnesses of the Commonwealth and the witnesses of licensee and, from the testimony taken, to determine anew whether the operator's license should be suspended, and in so doing, the court of common pleas has a broad discretionary power, in the exercise of which the court is to administer justice according to the evidence and circumstances presented: Commonwealth v. Funk, 323 Pa. 390, 399; Commonwealth v. Cole, 350 Pa. 369, 371.

At the hearing, to sustain the contention that licensee was an incompetent operator, the Commonwealth relied on the testimony of Donald L. Helsman, a member of the Pennsylvania State police, who gave Nesbit a special driving examination in Milton on April 25, 1946. He testified that he had Nesbit drive on several streets in Milton in order to determine his competency as an operator of a motor vehicle and that in the course of the examination, Nesbit made improper turns in that when he made a right turn he drove his vehicle into the center of the road and part of the vehicle went over to the left lane and that while starting and stopping on a hill, his car drifted backwards before he was able to start up again. The policeman also testified that Nesbit did not regulate his car properly. The report made by the State policeman was to the effect that Nesbit did not pass the driving examination. On cross-examination, the policeman testified that there were no white lines to indicate the center of the road, that Nesbit did not endanger anyone while he was driving and that he did not recall whether or not there was any traffic on the road.

Licensee, Nesbit, testified that he had been driving a car for 30 years and that he had had a slight accident some years ago for which he paid damages and that it was caused by a slippery road. He also testified that

he had been involved in an accident in Watsontown and that he had been arrested but was found not guilty by this court. Nesbit's testimony was to the effect that the officer told him to drive along a street in Milton and make a turn and that there was no traffic during the examination. On cross-examination, he testified that he kept on the right side of the street at all times in turning and stopping. The examination covered a course of two blocks and when he was told to turn his vehicle in the middle of a block, he made the turn in a competent manner.

Several witnesses were called who stated that they were acquainted with Nesbit's driving, and that he alway operated his motor vehicle in a safe and competent manner.

We do not think that in the driving test Nesbit showed such incompetency as to justify indefinite suspenion of his operator's privilege. The testimony shows that there was no traffic at the intersection where turns were made and there was no testimony on the part of the Commonwealth which would indicate any examination as to Nesbit's knowledge of the laws of the road, and the act of the policeman in failing to pass Nesbit in his driving examination was solely predicated on the fact that he had his car either in the center or to left of the street in making a right turn and that his vehicle drifted back slightly when he started it on a hill. There was also some testimony that the Nesbit car jerked. The testimony further shows that Nesbit turned his car in the middle of the block in a competent manner.

We are of the opinion that the examination given Nesbit did not indicate that he was an incompetent operator of a motor vehicle. The evidence does not show that he was a negligent driver, but rather indicates that he has been a careful driver. While he had been in an accident for which he paid the damages,

many years ago, the evidence indicates that it was caused by a slippery condition of the road. In the recent accident in which Nesbit was involved, he was found not guilty of reckless driving by this court.

The circumstances of this case are similar, to some extent, to those involved in the case of Commonwealth v. Hertzler, 55 D. & C. 287, in which it was held that the action of the Secretary of Revenue in suspending an operator's license indefinitely following a special examination under section 608 (f) of The Vehicle Code, as amended, will be reversed by the court on appeal where it appears that the only complaint about appellant's driving at the physical examination was that he failed to stop completely at one out of five or six through-traffic stop signs, stopped too far from the curb line, in the examining officer's opinion, at another, and backed into the wrong side of an intersecting street in turning; that he answered six out of ten questions in the oral examination incorrectly, but there is no evidence as to what the questions were; that he had been involved in several accidents not resulting in personal injuries and not shown to have been due to his negligence, and that he was, in the opinion of several witnesses, who had ridden with him, a competent and careful driver.

Under the evidence and circumstances presented before us and in the exercise of a broad discretionary power, we are of the opinion that the indefinite suspension of operating privileges in this case is unwarranted. We shall, therefore, sustain the appeal and direct the reinstatement of the operator's privilege.

## Order

And now, to wit, August 5, 1946, it is ordered, adjudged, and decreed that the action of the Secretary of Revenue in suspending indefinitely the operator's privilege, or license, of W. Harold Nesbit be reversed and

set aside and the Secretary of Revenue is hereby directed to reinstate the said privilege or license. Costs to be paid by appellant. Let an exception be noted and bill sealed for the Commonwealth.