## Norvell License

*F. Y. Dietrick*, for Commonwealth.
*Joseph P. Keliher*, for appellant.

GREEVY, J., July 24, 1952.—The Secretary of Revenue suspended Berton M. Norvell's operating privileges for a period of three months on the ground that he, Berton M. Norvell, was operating a motor vehicle involved in a fatal accident. Berton M. Norvell presented a petition to this court for an appeal from the action of the Secretary of Revenue. The appeal was allowed and this court directed that it act as a supersedeas. A hearing de novo was held on July 15, 1952, at which time testimony on behalf of the Commonwealth and Berton M. Norvell was heard. The court makes the following

### Findings of Fact

1. That on May 21, 1951, Berton M. Norvell was operating his motor vehicle easterly on Route 220, east of Linden, Lycoming County, Pa., and was involved in an accident.

2. Vaughn A. Yoxtheimer was the other driver involved in the accident.

3. Doris E. Yoxtheimer, wife of Vaughn A. Yoxtheimer, died as the result of injuries received in the accident.

4. That Vaughn A. Yoxtheimer was traveling in a westerly direction on his right-hand side of the highway at speed of 45 miles per hour when the accident occurred.

5. That immediately prior to the accident Berton M. Norvell was traveling on his own side of the highway at a speed of 35 miles per hour.

6. That Berton M. Norvell was suffering from a bronchial infection, bronchiectasis, which caused a severe coughing paroxysm.

7. That immediately prior to the accident Berton M. Norvell had a severe coughing spell which caused him to lose control of his car.

8. That hyperventilation occurred during his coughing paroxysm which caused Berton M. Norvell to black out for a short period of time.

9. The point of impact was four feet eight inches north of the center of the highway, that is in the westward lane of traffic.

10. That Berton M. Norvell's sudden illness was the sole cause of the accident.

11. That Berton M. Norvell was charged with involuntary manslaughter before a jury and found not guilty.

### Discussion

Section 615 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §192 (*b*) 4, provides, inter alia,

"The Secretary may suspend the operator's license . . . whenever the Secretary finds upon sufficient evidence: (4) That such person was operating any motor vehicle or tractor involved in an accident resulting fatally to any person,".

"In construing the above section of the Act, this Court decided in Commonwealth vs. Cole, 350 Pa. 369, 39 A. 2d 361, that where a defendant was operating a motor vehicle involved in an accident resulting fatally to a person, a Court may properly re-instate the

license where *negligence* by the operator is not proved. By the use of the word 'negligence,' we necessarily implied negligence of such a character that, in the discretion of the Court, the Defendant should have inflicted upon him the punitive penalty of having his license suspended and that the public required such protection": Commonwealth v. Bushey, 368 Pa. 67.

The purpose of this appeal is to hear evidence and determine independently, in the exercise of this court's sound discretion and in the furtherance of justice, whether the operating privilege of Berton M. Norvell should be suspended. See Commonwealth v. Cole, 350 Pa. 369.

The contention of the Commonwealth is that the license of Berton M. Norvell should be suspended because he was the driver of a motor vehicle involved in a fatal accident.

The mere fact that an accident occurred in which a fatality resulted is not sufficient warrant in itself for the Secretary of Revenue to suspend the operator's privileges of one of the parties involved in the accident. The mere happening of an accident neither proves nor raises a presumption of negligence.

A driver, suddenly stricken with illness, not reasonably to be anticipated, is not chargeable with negligence if the illness is the sole cause of the accident in the absence of any other testimony which would show a lack of due care. There appears no other testimony in this case which would show a lack of due care.

Under all the evidence which was produced at the hearing the court is of the opinion that no negligence or recklessness by the operator has been proven and the appeal must be sustained.

### Conclusions of Law

1. The order of the Secretary of Revenue suspending the appellant's operating privileges was not merited and the appeal should be sustained and the

order of suspension made by the Secretary vacated.

2. County of Lycoming to pay the costs.

*Order*

The appeal of Berton M. Norvell from the order of the Secretary of Revenue of the Commonwealth of Pennsylvania, made May 13, 1952, is sustained and the action of the Secretary of Revenue in suspending the operating privileges for a period of three months is hereby vacated, and the Secretary of Revenue is hereby directed to reinstate the operating privileges of Berton M. Norvell.

Costs to be paid by the County of Lycoming.