## Larkins License

*Frederick Y. Dietrick*, for Commonwealth.

*Wm. Dorland Rouse*, for petitioner.

GREEVY, J., October 6, 1953.—Lee A. Larkins was apprehended by a member of the State Police for driving on a State highway at a speed of 70 miles per hour. The arresting officer made an information before a magistrate for the violation involved and petitioner paid a fine and costs for the offense.

On August 6, 1953, the Secretary of Revenue, acting pursuant to the authority conferred upon him by section 615 (*b*) 2 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §192 (*b*), notified petitioner that his operator's license would be suspended for 90 days from July 27, 1953, because of the above-mentioned violation of section 1002 (*b*) 6 of the Vehicle Code, as amended (75 PS §501). The suspension was appealed to this court and the appeal was permitted to act as a supersedeas. Hearing de novo was held on September 22, 1953, at which time testimony from both the Commonwealth and Lee A. Larkins was heard.

The court makes the following

*Findings of Fact*

1. On March 29, 1953, Lee A. Larkins was operating his motor vehicle in South Centre Township, Columbia County, on Route 11, which is a three-lane highway.

2. At approximately 5.50 p.m. Lee A. Larkins was traveling at a speed of 70 miles per hour and traveled at this speed for over a mile and a half.

3. The weather was clear and the highway was dry.

4. The suspension by the Secretary of Revenue of the operating privileges of Lee A. Larkins for a period of 90 days was justified.

*Discussion*

Section 615(b)2 of The Vehicle Code, as amended, 75 PS §192(b) provides, inter alia:

"The Secretary may suspend the operator's license . . . whenever the Secretary finds upon sufficient evidence . . (2) that such person has committed any violation of the motor vehicle or tractor laws of this Commonwealth."

The purpose of this appeal is to hear de novo all the facts and to determine independently in the exercise of this court's sound discretion and in the furtherance of justice, whether or not the operating privileges of Lee A. Larkins should be suspended (see Commonwealth v. Cole, 350 Pa. 369).

At the hearing, the arresting officer, Eugene J. McGuire, a member of the Pennsylvania State Police, testified that on March 29, 1953, while patroling Route 11, between Bloomsburg and Berwick, Columbia County, Pa., he observed the motor vehicle operated by Lee A. Larkins, traveling in a southerly direction, pass another vehicle; that he followed the car for a mile and a half, clocking it at 70 miles per hour for that distance; that he stopped petitioner and charged him with speeding.

The Commonwealth offered, and the court admitted into evidence, a certificate of speedometer accuracy showing that the speedometer installed in the officer's car had been checked for accuracy on March 20, 1953, nine days prior to the arrest.

Petitioner Lee A. Larkins, on his own behalf, admitted that he was operating his vehicle at the time and place of the alleged speeding, but that he was only traveling at the rate of 40 miles per hour. He also testified that he passed four or five cars at which time he was traveling at the rate of 55 miles per hour. He denied ever traveling at 70 miles per hour. Petitioner's car, which was involved, is a 1952 De Soto.

Lee A. Larkins further testified that he has been driving 39 years and that he has never been arrested for any motor vehicle violation and was involved in only one slight accident from which he was exonerated of all blame.

Kathryn Megahan, friend of petitioner, testified that she, her daughter, and an unidentified soldier hitch-hiker, were with petitioner at the time of the alleged violation and that petitioner did not violate the speed limit, although he was traveling at 55 miles per hour at one time. She testified that she cautioned petitioner "that's fast enough."

Evidence of the speed violation is alone sufficient to justify suspension of an operator's license, if, in the opinion of the court, from all the evidence taken at the hearing, the suspension is merited: Commonwealth v. Wagner, 364 Pa. 566, 572 (1950).

Petitioner alleges that suspension of his privileges would result in great economic hardship, but this, standing by itself, will not justify a revocation of the suspension because such would be an abuse of discretion by the court: Commonwealth v. Emerick, 373 Pa. 388, 400 (1953).

In view of all the evidence and testimony, and in light of all the circumstances presented in this case, the court is of the opinion that the suspension of petitioner's operating privilege by the Secretary of Revenue was justified and the appeal must be refused and the order of suspension made by the Secretary of Revenue reinstated. (See Commonwealth of Pennsylvania v. Pickelner, 4 Lycoming 22).

It is hereby ordered and adjudged and decreed that the appeal of Lee A. Larkins from the action of the Secretary of Revenue, in suspending his motor vehicle operating privileges, is refused and the action of the Secretary of Revenue in suspending the operating privileges for a period of 90 days is hereby reinstated. Costs to be paid by petitioner, Lee A. Larkins.