## Stewart License

*William L. O'Hey, Jr.*, for appellant.

*Daniel L. Quinlan, Jr.*, for Commonwealth.

DANNEHOWER, J., May 16, 1956.—This is an appeal from an order of the Secretary of Revenue suspend-

ing appellant's motor vehicle operating privileges for an indefinite period. A hearing was held before this court and from the evidence presented there are made the following

### Findings of Fact

1. Appellant, Evdokia Ragsdale Stewart, is a resident of Plymouth Township, Montgomery County.

2. On or about November 5, 1954, upon petition of her husband and affidavits of two physicians, she was committed to the Norristown State Hospital. Although she had a history of chronic alcoholism for two years, she was admitted as a mental patient.

3. On February 26, 1955, appellant was released from the Norristown State Hospital and placed on extended leave.

4. On November 23, 1955, she was readmitted to the hospital upon a telephoned request of her husband, and two days later, November 25, 1955, she was again released. Authorities at the hospital admitted having no authority to accept her as a patient without new commitment proceedings, and at the time of her discharge they pronounced her as temporarily cured, stating that she was an alcoholic, but not an incompetent.

5. On or about December 4, 1955, appellant committed herself to the Saul Clinic, St. Luke's Hospital, Philadelphia, for the cure of alcoholism and was discharged from that hospital on December 10, 1955. The attending physician pronounced her to be in full command of her senses and stated that she was capable of operating a motor vehicle.

6. On February 10, 1956, appellant received notice dated February 9, 1956, by registered mail that the Secretary of Revenue had, without hearing, suspended her operator's license for an indefinite period, the

reason given being that she is an "incompetent operator".

7. Appellant is now a member of Alcoholics Anonymous and attends its meetings four or five times weekly. She also makes weekly visits to the Saul Clinic. She drives her own automobile to all the meetings and visits.

8. Appellant has been operating a motor vehicle for 10 years and has never been charged with a violation of The Vehicle Code. Although she is classified as an alcoholic, according to the authorities at the Norristown State Hospital, she has no evidence of psychosis, and while she is not under the influence of alcohol, she is competent to operate a motor vehicle in a safe manner. Appellant has never operated while under the influence of alcohol, but relies chiefly on taxicabs for her transportation. Since her discharge from Norristown State Hospital she has imbibed alcohol on infrequent occasions, and since January, 1956, she has taken drinks on four days. In the opinion of the attending physician at St. Luke's Clinic, appellant is a "recovered alcoholic". It was further testified that in the strict sense of the word there is no cure for alcoholism in that one drink will always produce the same result.

### Discussion

In accordance with the rule laid down and followed in a long line of cases, we must hear this appeal de novo and from the testimony taken determine anew whether appellant's operator's license should be suspended. See Commonwealth v. Wagner, 364 Pa. 566; Commonwealth v. Bushey, 368 Pa. 67; Commonwealth v. Etzel, 370 Pa. 253.

Section 615(a) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §192, authorizes the Secretary of Revenue to suspend the operating privi-

leges of any person, with or without a hearing, ". . . whenever the secretary finds *upon sufficient evidence:*

"1. That such person is incompetent to operate a motor vehicle . . ., or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle . . . upon the highways." (Italics supplied.)

Thus, while the secretary may suspend one's driving privileges without a hearing, it does not follow that he may do so arbitrarily and in complete disregard of the minimum requirements of the law. In Commonwealth v. Haag, 3 Lyc. 309, which involved the suspension of a motor vehicle operator's driving privileges upon notification from a mental institution that the operator was suffering from a mental illness, the court ruled that such suspension must be reversed since the secretary failed to make an independent finding of incompetency which was supported by sufficient evidence.

The testimony presented in this case reveals that appellant spent from November 5, 1954, until February 26, 1955, a period of a little over two months, in the Norristown State Hospital where she was treated for "chronic alcoholism". Following her discharge, she began, on her own volition, to take treatments at the Saul Clinic in Philadelphia, which treats cases of alcoholism. She remained at the clinic from December 4, 1955, until December 10, 1955, and upon her discharge was regarded as a "recovered alcoholic." According to Dr. Martin Kissen, the attending physician, appellant has recovered and has good insight and understanding. In Dr. Kissen's opinion, appellant is in full command of her senses and should be a safe and responsible driver.

According to Dr. Noyes, of the staff of the Norristown State Hospital, appellant showed no signs of

pschotic ailments and is able to operate a motor vehicle safely as long as she is not under the influence of alcohol.

The secretary, in issuing an order in February, 1956, suspending appellant's operating privileges, made no independent investigation to ascertain her condition or her progress toward recovery, but chose instead to rely solely upon the staff records of the Norristown State Hospital. Although a license is a privilege and not a property right, the secretary may not abrogate this privilege except in the manner provided by the statute. See Bahry License, 1 D. & C. 2d 277.

The testimony further reveals that appellant has become a member of Alcoholics Anonymous and that she continues to take outpatient treatment at the Saul Clinic. In order to attend the clinic and to keep in close contact with members of Alcoholics Anonymous, appellant is in indispensable need of her operator's license. Depriving her of her driving privileges, therefore, would amount to unjust and unmerited punishment, would handicap and discourage appellant in her desire to cure herself of alcoholism and would not serve any public purpose. Aside from the injustices which would flow from an indefinite suspension of appellant's driving privileges, we are not satisfied that the secretary has sustained the burden of establishing her incompetency and inability to operate a motor vehicle in a safe manner.

### Order

And now, May 16, 1956, in view of the foregoing reasons, it is ordered that the appeal of Evdokia Ragsdale Stewart should be sustained, that the order of the Secretary of Revenue of February 9, 1956, suspending appellant's operator's license indefinitely, be reversed, and that appellant's operator's license be reinstated.